BEN TERRELL, *Plaintiff in Error,* v. J. R. WIGGINS, SHERIFF, AND WIGGINS & RIGGINS LESSEES OF COUNTY CONVICTS, *Defendants in Error.*

1. Where on *habeas corpus* it appears that the petitioner was convicted of a misdemeanor and sentenced to imprisonment in the county jail at hard labor for twelve months, and that more than twelve months had elapsed since the date of the sentence under which the petitioner was still held in custody, but it also appears that the petitioner has actually suffered only about one-sixth of the term of imprisonment, and that during the balance of the term he was at liberty with his own consent, if not his own request, it is held that said petitioner is not entitled to be discharged from custody.

2. The principles of law enounced in State v. Horne, 52 Fla. 121, 42 South. Rep. 388, approved and applied.

This case was decided by Division B.

Writ of Error to the Circuit Court for Polk County.

*Statement.*

On the 1st of January, 1908, the following petition for *habeas corpus* was presented to the judge of the sixth judicial circuit of Florida in and for Polk county: "The petition of W. C. Sprott, a citizen of said county, humbly complaining shows unto your honor that Ben Terrell, a

person of color, also a citizen of said county in whom petitioner has an interest, is illegally deprived of his liberty in said county by J. R. Wiggins, sheriff thereof, and Wiggins & Riggins, a firm, whose names are otherwise unknown to your petitioner, lessees of the county convicts of Polk county.

Petitioner shows that the said Ben Terrell was found guilty on a plea of guilty of the offense of carrying on the business of a dealer in liquors in Polk county, which county had voted against the sale of liquors in Polk county, on the 5th day of December, 1906, in the county court of Polk county on an information filed therein on the sixth day of October, 1906, a certified copy of which information is hereto attached, and made a part of this petition.

That on said 5th day of December, 1906, in open court in said county court the said Ben Terrell was sentenced by the Hon. W. S. Preton, judge of said court, as follows: 'It is the sentence of the law that you, Ben Terrell, be confined in the jail of Polk county at hard labor for a term of twelve months.' A certified copy of which judgment and sentence of the court is hereto attached and made a part of this petition.

The said Ben Terrell, being now deprived of his liberty and acting herein by the petitioner, W. C. Sprott, shows that there was no appeal from said judgment and that it went into operation on said 5th day of December, 1906, and that it has ever since been operative, and the said Ben Terrell has continuously since been in the custody of the law and subject to the commands of the sheriff of Polk county, and has complied with all conditions and commands placed upon him. That he has by reason of said sentence worked on the public roads of said county at various times as a county convict during said twelve months, at others allowed to be at large on

conditions, as was, while serving time as a convict on the public roads, transferred to the custody of said Wiggins & Riggins, lessees, where he was held in custody at labor as a convict before and at the time of the expiration of his sentence on the 5th day of November, 1907, and where he is now still so held as a convict at labor, and deprived of his liberty notwithstanding said sentence expired on said last named date, and he is now denied of his liberty by the said J. R. Wiggins, sheriff, and Wiggins & Riggins, lessees of convicts.

The said Ben Terrell through your petitioner, W. C. Sprott, alleges by reason of these facts that his present and further detention and imprisonment are illegal, and that he is entitled to his liberty, and he prays that the state's gracious writ of *habeas corpus* be directed to the said J. R. Wiggins, sheriff, and Wiggins & Riggins, lessees, to produce the body of the said Ben Terrell before your honor on a day to be named therein, together with the cause of his present detention, that the matter of said present detention may be inquired into and justice done in the premises. And petitioner will ever pray, etc."

A copy of the information and judgment are attached to the petition. The writ was issued and the following return made by the sheriff. "In the matter of the petition of W. C. Sprott, a citizen of Polk county, Florida, for a writ of *habeas corpus* in behalf of one Ben Terrell.

Comes now J. R. Wiggins, sheriff of Polk county, Florida, and in answer to the writ of *habeas corpus* issued by the Honorable Jos. B. Wall on the first day of January, A. D. 1908, and says that he does not and has not deprived the said Ben Terrell of his liberty illegally or without due process of law, but that the cause of his detention is as follows: That on the 5th day of December, A. D. 1906, the said

Ben Terrell in open court of Polk county, Florida, entered a plea of guilty to selling intoxicating liquors contrary to prohibition regulations, and that the court entered a sentence that the said Ben Terrell be confined in the county jail at hard labor for a period of twelve months, and it was further ordered that upon the payment of $50.00 and costs, the above sentence would be suspended during such time as defendant abstained from selling spirituous, vinous or malt liquors, from being or staying where any such liquors are sold, or from maintaining, keeping or being interested in any place of business or institution where any such liquors are sold or kept, and that the said Ben Terrell, of his own volition, paid into the court the said fifty ($50.00) dollars and costs, and that the respondent then had no authority in the premises to execute the sentence of the court without a commitment duly issued in accordance with law; that the said Ben Terrell was at liberty on a bail bond providing for his appearance at that term of court, and from term to term until his discharge by due course of law; that on the 19th day of September, 1907, the clerk of the county court of Polk county, Florida, issued and placed in the respondent's hands, as sheriff of said county, a commitment commanding him as said sheriff to take the said Ben Terrell into this custody and safely keep until he had served the twelve months in the county jail at hard labor, in accordance with the judgment and sentence of the county court, and that acting under and by virtue of said commitment, the respondent took the said Ben Terrell into his custody, and delivered him to Wiggins and Riggins, lessees of the county convicts of Polk county, Florida, and that the actual time served in the county jail at hard labor by the said Ben Terrell, under and by virtue of the said sentence, and the length of time he has been in the custody of your respondent as

sheriff, has only been sixty days; that there is a further term of ten months of said sentence unserved, and that the said Ben Terrell is being held for the purpose of completing said sentence. That the said Ben Terrell was never in the custody of your respondent after the rendition of the judgment above set forth until the 19th day of September, 1907, when the commitment was issued by the clerk, a copy of which is hereto attached and made a part of this answer, and placed in the hands of the respondent. That the petitioner through his attorney, to the best knowledge and belief of your respondent, entered into an agreement with the prosecuting attorney of the county court of Polk county, Florida, that the said Ben Terrell would enter a plea of guilty to the charge of selling intoxicating liquors contrary to prohibition regulations, and that thereupon the court should sentence him to imprisonment in the county jail at hard labor for a period of twelve months, and that said sentence should be suspended during good behavior upon the payment of fifty ($50.00) dollars and costs, and in conformity with that agreement, the defendant Ben Terrell, through his attorney at law, entered a plea of guilty, and did not appear in court again nor was he ever in the custody of your respondent until, as above set forth, but that he was at liberty by his own consent and at his own request, in accordance with the agreement entered into between his attorneys and the prosecuting attorney of the county court of Polk county, Florida.

J. R. WIGGINS,<br>Sheriff of Polk County, Florida."

The case came on for hearing on the 6th of February, 1908, when the judge entered the following order: "After an exhaustive examination of the authorities in this case, and it appearing that the petitioner has only suffered about one-sixth of the term of imprisonment

imposed upon him by the judgment of the county court, and that during the balance of the term he was at liberty with his own consent, if not at his own request. It is considered, ordered and adjudged that the petitioner is not entitled to be discharged until the expiration of the twelve months during which he has been actually imprisoned.

It is further ordered that the writ be dismissed and the petitioner remanded.

Done and ordered at Chambers in the city of Tampa this the 6th day of February, A. D. 1908.

J. B. WALL,
Circuit Judge."

The writ of error was taken from this order.

*J. W. Brady* for plaintiff in error;

No appearance for defendants in error.

HOCKER, J., (*after stating the facts.*)—It is contended here that the plaintiff in error was entitled to his discharge after the expiration of twelve months from the date of the sentence, and Miller v. State, 15 Fla. 575, is relied on to support this contention. Subsequent to the decision in that case the question involved was very thoroughly examined in the case of State v. Horne, 52 Fla. 125, 42 South. Rep. 388. There is no bill of exceptions in this case and it will be observed that the judge below finds that the petitioner has only suffered about one-sixth of the term of imprisonment imposed upon him by the judgment of the county court, and that during the balance of the term he was at liberty with his own consent, if not at his own request. He therefore refused to discharge the plaintiff in error. This ruling of the circuit judge was in harmony with the principles of the case of State v. Horne, *supra.* On page 135 the court says: "the law does not contemplate that the court in

fixing the punishment shall also fix the beginning and ending of the period during which the imprisonment shall be suffered.    The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and strictly speaking, is not a part of the sentence at all.    The essential portion of the sentence is the *punishment*, including the *kind* of punishment and the *amount* thereof without reference to the time when it shall be inflicted.    The sentence, with reference to the kind of punishment and the amount thereof, should as a rule be strictly executed.    But the order of the court with reference to the time when the sentence shall be executed is not so material.    Expiration of the time without imprisonment is in no sense an execution of the sentence."    It is true that in this case the county judge does not fix the time for the beginning of the sentence as was done in the Horne case; but this circumstance adds greater force to the statement "expiration of time without imprisonment is in no sense an execution of the sentence," for the circuit judge finds that only about one-sixth of the time of imprisonment imposed had had been suffered by the petitioner and that during the balance of the term he was at liberty with his own consent if not at his own request.    We thoroughly agree with the circuit judge that the petitioner was not entitled to be discharged, and his order is hereby affirmed.

TAYLOR and PARKHILL, JJ., concur:

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.