## Royer v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Locomotive whistle—Deafening of fireman on locomotive on next track—Interstate commerce—Federal Employer's Liability Act—Fellow-servant rule—Failure to warn of blowing of whistle—Common knowledge—Evidence—Custom to warn—Admissibility.*

1. When a locomotive fireman, employed by a railroad company on an engine engaged in drawing a train in interstate commerce, is injured, the Federal law governs and the fellow-servant rule is not applicable.

2. Where in an action by a locomotive fireman against a railroad company, engaged in interstate commerce, by which plaintiff had been employed, to recover for injuries to his hearing caused by the blowing of the whistle of another locomotive standing upon an adjoining track and within ten feet of plaintiff, it appeared that suddenly and without warning two loud shrill blasts were emitted from the whistle, and that plaintiff immediately felt a pain in his ear, and thereafter became totally deaf in such ear, but where there was no evidence to justify a finding that the experience or knowledge which an engineer might be expected to have should have warned the engineer who blew the whistle that he should first give notice to the plaintiff, the jury were not warranted in finding that defendant or its servants had reason to anticipate that the blowing of the whistle was likely to affect plaintiff injuriously, and a verdict for the plaintiff could not be sustained.

3. The effect upon bystanders of the blowing of a locomotive whistle, under such circumstances, is hardly a matter of common knowledge, and it must therefore be shown by evidence.

4. Where in such case it appeared that plaintiff offered to prove that it was customary to give warning to persons working within a distance of ten or fifteen feet of the whistle of an engine standing in the yard, before the whistle was blown, and that it was the general custom for those in charge of such an engine to look about for persons in close proximity to the engine whistle and to warn them that the whistle was about to be blown, the refusal of such offer on the part of the trial judge was error, and on appeal by the defendant from the judgment entered in favor of the plaintiff, the Supreme Court will not enter judgment for defendant n. o. v. but must grant a new trial.

Argued Oct. 12, 1917. Appeal, No. 131, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., July T., 1916, No. 342, on verdict for plaintiff in case of John M. Royer v. Pennsylvania Railroad Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Reversed.

Trespass for personal injuries. Before CARNAHAN, J. The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*J. R. Miller,* and *Thomas Patterson,* of *Patterson, Crawford & Miller,* for appellant.—There was not sufficient evidence of negligence on the part of the defendant: Snyder v. Penna. R. R. Co., 239 Pa. 127; Chittick v. P. R. T. Co., 224 Pa. 13; Fox v. Borkey, 126 Pa. 164.

*T. M. Gealey* and *A. J. Eckles,* for appellee.—Defendant was guilty of negligence under the circumstances: Chesapeake & Ohio Railway Co. v. DeAtley, 241 U. S. Rep. 310; Valjago v. Carnegie Steel Co., 226 Pa. 514; Hess v. American Pipe Manufacturing Co., 221 Pa. 67; Ewing v. Pittsburgh, C. & St. L. Ry. Co., 147 Pa. 40; Applebaum v. P. R. T. Co., 244 Pa. 82.

The testimony of plaintiff's witnesses show that ear drums are frequently injured from pressure caused by the blowing of steam whistles: McFadden v. City of Philadelphia, 248 Pa. 83; Stewart v. Central R. R. Co. of New Jersey, 235 Pa. 311; Snyder v. Pennsylvania R. R. Co., 239 Pa. 127.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

The plaintiff brought this action of trespass to recover damages for injuries resulting, as he claimed, from the negligence of an employee of defendant company. He was employed as a locomotive fireman, upon an engine drawing a train engaged in interstate commerce, so that the case is governed by Federal law, and the fellow-servant rule does not apply. The contention of the plaintiff is that, on April 24, 1914, his engine had stopped at a yard, en route, and was being supplied with water. He was at the time standing upon the tender holding the arm of a water spout. Another locomotive stood upon

the adjoining track, the whistle being some ten feet from him.   Suddenly and without warning there was emitted from the whistle of the adjacent locomotive, two loud, shrill blasts.   He says he was shocked and startled, and immediately felt a pain in his ear, and that, after finishing the run for the day, he did not again return to the service of defendant, owing to the condition of his ear, and the necessity for medical treatment.   He claims that his injury was due to the loud blasts of the whistle emitted close to his ear, without previous warning, and that the injury has resulted in complete loss of hearing in one ear.

The trial judge left to the determination of the jury the question whether, when the engineer blew the whistle, he should, as a man of reasonable prudence, have anticipated the danger of injury to the plaintiff, who was in rather close proximity to the whistle, and should, therefore, have given him warning before it was blown. The verdict of the jury must be accepted as a finding that under the circumstances, danger of injury to the plaintiff from the blowing of the whistle was reasonably to have been anticipated, and that the engineer was guilty of negligence in failing to warn plaintiff before blowing the whistle.   From the judgment entered upon the verdict, defendant has appealed, and the question is, whether the verdict was justified by the evidence.

Admittedly, the question, whether plaintiff was injured as claimed, was for the jury; but counsel for appellant urge that there was no evidence which justified a finding that the experience or knowledge, which an engineer might be expected to have, should have warned him not to blow his whistle without first giving notice to the plaintiff.   As the record stands, we think this point is well taken.   In the evidence which was admitted, we can find nothing from which the jury were warranted in finding that defendant or its servants had reason to anticipate that blowing the whistle as alleged by plaintiff, at a distance of ten feet from where he was standing, was

likely to affect him injuriously. The effect upon bystanders of the blowing of a locomotive whistle, under such circumstances, is hardly a matter of common knowledge, and it should, therefore, have been shown by evidence. The record shows, however, that there was an offer of evidence, upon the part of plaintiff, to prove that it is customary to give warning to persons working within a distance of ten or fifteen feet of the whistle of an engine standing in a yard, as was this one, before the whistle is blown, and that it is the general custom for those in charge of such an engine to look out for persons in close proximity to engine whistles, and warn them that the whistle is about to be blown. This offer of evidence was excluded, upon the objection of counsel for defendant. If such a custom exists, it may fairly be inferred that it is based upon experience which has shown the danger of injury to bystanders from the blast of a whistle. Had the offer been admitted, and had the testimony come up to the terms of the offer, it might well have justified the jury in inferring that the engineer should have anticipated danger to plaintiff from blowing the whistle without warning, when plaintiff was in such close proximity to it; and that it was unusual for a locomotive whistle to be blown under such circumstances without warning. Counsel for defendant are not in a position to press an advantage arising out of a lack of evidence upon the part of plaintiff, when such evidence was improperly excluded upon their own objection. If the plaintiff were here upon appeal, alleging error in the exclusion of the testimony offered in this respect in his behalf, it would be necessary to sustain his appeal.

Upon the record as it stands, the judgment is reversed with a venire facias de novo.