## TEXAS COMPANY v. BRANDT et al.

No. 10859—Opinion Filed June 8, 1920.

On Rehearing July 24, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Inconsistency of Judgment and Finding—Reversal.**

Where a trial court, as a part of the judgment, makes separate findings of fact, responsive to and within the issues, and such ultimate or controlling facts are insufficient to support the judgment, the decision is against the law, and the cause will be reversed.

On Rehearing.

2. **Injunction—Violation of Ordinance—Location of Gasoline Filling Station.**

In an action for injunction for the violation of a municipal ordinance regulating the location of a gasoline filling station, equity will not restrain the act which violates such ordinance unless the act is a nuisance per se or operates to cause an irreparable injury to property or rights of a pecuniary nature.

3. **Same—Right of Relief—Proof.**

Where relief is asked by injunction against the commission of an act constituting a violation of a municipal ordinance on the ground of injury to the property rights of an individual, the court will require that the complainant clearly shows such facts and circumstances in the particular case as will justify the court in granting the relief desired.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Injunction by J. L. Brandt and others against the Texas Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, and rehearing denied.

A. L. Beaty, Ames, Chambers, Lowe & Richardson, J. H. Hill, John R. Ramsey, and Horace H. Hagan, for plaintiff in error.

Grant Foreman, J. D. Sims, and Malcolm E. Rosser, for defendants in error.

JOHNSON, J. This is an appeal from the granting of a temporary injunction by the superior court of Muskogee county. On July 15, 1919, the defendants in error filed a petition in that court seeking to enjoin the plaintiff in error from building a proposed gasoline filling station at the intersection of Twelfth street and Okmulgee avenue in the city of Muskogee. The petition charged that the contemplated gasoline filling station would constitute a nuisance. As grounds for this charge the petition set forth that the place of its intended establishment was a residence district; that its erection there would impair the value of the property of the plaintiffs joining in the petition; that it would cause much noise and confusion; that it would result in the storage at such place of gasoline, "a dangerous and highly explosive substance"; that the place selected for the said filling station was at the foot of a hill and that its presence at such point would be a menace to the safety of the people living in the neighborhood; and lastly that the proposed location of the filling station was outside the fire limits of the city of Muskogee and that the consent in writing of two-thirds of the property owners within 300 feet of the proposed station had not been obtained as required by a certain ordinance of the city of Muskogee enacted on July 11, 1919.

A temporary restraining order having been issued, the case, on July 23, 1919, came on for a hearing on the granting of a temporary injunction. A somewhat extensive hearing, lasting three days, was had, and at the conclusion of the hearing the court granted the temporary injunction.

The trial court, at the request of the defendant, made special findings of fact, which were incorporated in the judgment and were as follows:

"1. That the defendant in this action has commenced and is about to erect a filling station to be used for the sale of gasoline, oil, and other lubricants for automobiles on the property described in the plaintiff's petition.

"2. That the plaintiff, J. L. Brandt, lives across the street north from the place where this filling station is to be built. That there are other residences on that street, Okmulgee avenue, north of this filling station.

"3. That the place where the proposed plant is to be built is in an exclusive residence district.

"4. That the stopping and starting of automobiles to be served at the filling station proposed to be maintained by the defendants will create loud and unusual and obnoxious noises in starting and stopping and will emit noxious and unpleasant odors which will annoy and render uncomfortable the home of the plaintiff, J. L. Brandt, and others in that immediate neighborhood.

"5. That the plaintiff, J. L. Brandt, will be damaged in the enjoyment of his home by reason of the noxious odors and noises, and that the maintenance of said filling station by reason of the noxious odors and noises, aforesaid, would be a nuisance and that the contemplated erection of the plant and maintenance of the filling station would damage the plaintiff, Brandt, and that he has no adequate remedy in law.

"6. That the defendant is enjoined and restrained from erecting a building for the purpose of maintaining a filling station in the proposed building and enjoined from maintaining a filling station.

"7. This order to become effective upon the plaintiffs filing a bond in the sum of one thousand dollars ($1,000.00).

"8. In making the foregoing findings of fact the court, in addition to the evidence offered, is impelled to make the findings also by reason of the fact that the court takes judicial knowledge that there are unnecessary, unusual noises made by automobiles stopping and starting at filling stations and by reason of the fact that the court takes judicial knowledge of the odors emitted when started and stopping and the court takes judicial knowledge that odors will travel from 50 to 125 feet.

"The court further finds that the evidence of witnesses who have testified in the case, the court does not consider sufficient to base the foregoing judgment unless the court took into consideration the judicial knowledge of the facts above set forth. The court further finds that the gasoline in the proposed plant as intended to be handled by reason of the construction of the plant itself and system of handling gasoline is not necessarily dangerous and the same in itself does not constitute a nuisance."

Thereafter the defendant commenced this proceeding in error to reverse the judgment of the trial court. The defendant makes 20 assignments of error, the first 14 of which counsel discuss in their brief under 4 propositions or subheads, the first of which is that of judicial knowledge.

The finding of fact of the court upon which the temporary injunction was based was contained in paragraph 4 of the court's findings, and was that the stopping and starting of automobiles to be served at the filling station would create loud and unusual and obnoxious noises in starting and stopping and would emit noxious and unpleasant odors, which would annoy and render uncomfortable the home of plaintiff J. L. Brandt and others in that immediate neighborhood.

And the court further finds in the 5th paragraph of his findings that by reason of the

foregoing facts the plaintiff J. L. Brandt would be damaged, and that the maintenance of said filling station, by reason of the noxious odors and noises, would be a nuisance, and that the plaintiff has no adequate remedy in law.

The 6th paragraph enjoined the defendant from erecting the building and maintaining a filling station. The 7th paragraph fixed the amount of the bond to be given by the plaintiff. In the 8th paragraph the court stated that in 'making the foregoing findings, the court, in addition to the evidence offered, was impelled to make the findings by reason of the fact that the court took judicial knowledge that there are unusual noises made by automobiles stopping and starting at filling stations, and took judicial knowledge of the odors emitted when starting and stopping, and took judicial knowledge that odors will travel from 50 to 125 feet.

The court further finds that he does not consider the evidence of witnesses who had testified in the case sufficient to base the foregoing judgment upon unless the court takes into consideration the judicial knowledge of the facts above set forth.

The court further finds that the gasoline for the proposed plant as intended to be handled, by reason of the construction of the plant itself and system of handling gasoline, is not necessarily dangerous and the same itself does not constitute a nuisance.

The plaintiffs by their counsel excepted to the last finding of the court contained in paragraph 8, "that the gasoline for the proposed plant as intended to be handled, by reason of the construction of the plant itself and system of handling gasoline, is not necessarily dangerous and the same itself does not constitute a nuisance." But such finding is not brought here for review by cross-petition and is therefore not for our consideration.

Concerning the other findings of the court in paragraph 8, it is said:

"That in making the foregoing findings, the court, in addition to the evidence offered, was impelled to make the findings by reason of the fact that the court took judicial knowledge that there are unnecessary, unusual noises made by automobiles stopping and starting at filling stations and that the court takes judicial knowledge of the odors emitted when starting and stopping and takes judicial knowledge that odors will travel from 50 to 125 feet. And the court further finds that the evidence of witnesses who have testified in the case, the court does not consider sufficient to base the foregoing judgment, unless the court took into consideration the judicial knowledge of the facts above set forth."

Counsel for defendant say in their brief:

"From this it is patent that we have here a temporary injunction, resting as its sole support upon the purported judicial knowledge of the trial court, that there was unnecessary, unusual noises made by automobiles at filling stations when starting and stopping, and that the same automobiles under such conditions emit noxious and unpleasant odors which will travel from 50 to 125 feet. This sweeping use of the beneficent principle of judicial notice or knowledge is startling, and, we venture to declare, unprecedented. Its novelty is greatly enhanced when we recollect that the record contains the evidence of 11 witnesses, all of whom live near gasoline filling stations, and all of whom testified in plain, unmistakable language that the noises and odors judicially noticed by the trial court did not, in point of fact, exist."

From an examination of the record we are convinced that the trial court is correct in stating that the testimony of the witnesses alone was not sufficient upon which to base the judgment.

Ruling Case Law, vol. 15, pp. 1058-60, observes that, before the matter can be held to be within the category of judicial notice, it must conform to three material requisites. These requisites are thus stated:

"(1) The matter of which a court will take judicial notice must be a matter of common and general knowledge. The fact that the belief is not universal, however, is not controlling, for there is scarcely any belief that is accepted by every one. Courts take judicial notice of those things which are common knowledge to the majority of mankind, or to those persons familiar with the particular matter in question. But matters of which courts have judicial knowledge are uniform and fixed, and do not depend upon uncertain testimony; as soon as a circumstance becomes disputable, it ceases to fall under the head of common knowledge, and so will not be judicially recognized.

"(2) A matter properly a subject of judicial notice must be 'known', that is, well established and authoritatively settled, not doubtful or uncertain. In every instance the test is whether sufficient notoriety attaches to the fact involved as to make it safe and proper to assume its existence without proof. In harmony with that view it has been said that courts must 'judicially recognize whatever has the requisite certainty and notoriety in every field of knowledge, in every walk of practical life.'

"(3) A matter to be within judicial cognizance must be known 'within the limits of the jurisdiction of the court.' Thus, for example, foreign laws are not generally judicially noticed."

In support of this rule a long list of cases was cited, including many decisions of the Supreme Court of the United States.

In the case of Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200, it is said:

"This power is to be exercised by courts with caution. Care must be taken that the requisite notoriety exists. Every reasonable doubt upon the subject should be resolved promptly in the negative."

In the case of Timson v. Mfg. Coal & Coke Co., 119 S. W. 565, the Supreme Court of Missouri said:

"The judicial recognition of facts without proof should be exercised with caution, and care taken that the requisite notoriety exists should be resolved in the negative."

In International Harvester Co. v. Industrial Commission, 147 N. W. 53, the Supreme Court of Wisconsin said:

"A fact must be pretty well known and obvious before judicial notice thereof can be taken."

In the case of Carr v. Fair, 122 S. W. 659, the Supreme Court of Arkansas said:

"But this is a cause pending in a court, and the controverted questions of fact must be established by the testimony of witnesses duly sworn and judicial knowledge cannot be taken of those facts."

In the case of L. & N. R. Co. v. Brewer, 186 S. W. 166, the Supreme Court of Kentucky said:

"The court will not take judicial notice of the distance that sparks from a locomotive may be carried."

In Thayer v. Denver & R. G. R. Co., 154 Pac. 691, the Supreme Court of Colorado held that the manner and method of operating a locomotive engine, the space within which it can be stopped at a certain rate of speed, the best means of stopping it, etc., cannot be known judicially by the court.

In Schlag v. Chicago, M. & St. P. R. Co., 139 N. W. 756, the Supreme Court of Wisconsin said that the court could not as a matter of common knowledge take judicial notice that there are no spark arrestors which will prevent the emission of live sparks from a locomotive.

In Royer v. Penn. R. Co., 103 Atl. 276, the Supreme Court of Pennsylvania said that the court had no judicial knowledge as to the effect of a locomotive whistle on a person ten feet away.

We think the authorities cited, supra, announce the true rule as to the exercise of judicial notice by trial courts, and that the

temporary injunction was improvidently granted, and therefore cannot be sustained. While this disposes of this appeal, we will briefly notice one other question: Counsel for plaintiffs say in their brief:

"We pleaded the ordinance and proved it at the trial. * * * The substance of the ordinance, however, prohibits an erection of such a plant without a permit issued by the city clerk of Muskogee and provides that it shall not be erected outside of the fire limits without the consent in writing of the owners of two-thirds of the property estimated by the front foot lying within 300 feet of the proposed service or filling station. The bill alleged that defendant did not secure the necessary consent of the property owners."

The trial court made no such findings as to such ordinance, and did not grant an injunction on account of any violation thereof, either actual or threatened. This being the state of the record, and having reached the conclusion that the cause must be reversed for the reasons stated, and as the trial court made no findings as to the ordinance, we express no opinion concerning that question.

The judgment of the trial court granting a temporary injunction is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

RAINEY, C. J., and KANE, HARRISON, PITCHFORD, and McNEILL, JJ., concur.

PER CURIAM. It is urged on rehearing that even if the trial court did not grant the injunction on account of the municipal ordinance, if a violation of the ordinance in itself is a sufficient ground for injunction, the judgment of the trial court should have been affirmed. The question presented, therefore, on rehearing is not the validity of the ordinance—that is, whether a business or a structure not a nuisance per se and not subject to total legislative suppression may, by reason of its location or inherent attribute, be prohibited in certain circumstances and in particular localities by municipal ordinance—but whether such business or structure may be enjoined by reason of the threatened or actual violation of such ordinance alone.

Equity in a case of this character will not undertake to restrain an act which violates a city ordinance unless the act is a nuisance per se or operates to cause an irreparable injury to property or rights of a pecuniary nature. State ex rel. West, Attorney General, v. State Capital Company, 24 Okla. 252, 103 Pac. 1021; Whittridge v. Calestock, 165 N. Y. Supp. 640; High on Injunction, Sec. 1248; 47 L. R. A. (N. S.)

673, note; 14 R. C. L. 377, sec. 79, and cases cited thereunder.

Where relief is asked by injunction against the commission of an act constituting a violation of a municipal ordinance on the ground of injury to the property rights of an individual, the court will require that the complainants clearly show such facts and circumstances in the particular case as will justify the court in granting the relief desired. 14 R. C. L. 377, sec. 79.

It follows, therefore, that our opinion reversing the judgment of the trial court and remanding the cause must be adhered to.

For the reasons stated, the petition for rehearing is denied.