LAND, J.
The information in this case charges the defendant with the unlawful possession of intoxicating liquors for beverage purposes. Defendant filed a'motion to quash the information on the grounds that it does not charge any crime known to the laws of the state of Louisiana, and that Act 39, Ex. Sess. 1921, is unconstitutional, for the reason that said act attempts to define intoxicating liquor by reference to another code or set of laws contrary to the Constitution of this state. Defendant did not call for a bill of particulars. These contentions were decided adversely to defendant in the case of State v. Coco, 152 La. 241, 92 South. 883.
The defendant, on the trial of the case, presented to the district judge a charge reciting that the only evidence submitted in the case was that the liquor secured by the officers was “shinney,” and that it was not shown that this liquor was intoxicating, or that it possessed the amount of alcohol prohibited by the Volstead Act (41 Stat. 305) and Hood Act (Act No. 39 of 1921). The trial judge, in his per curiam to the bill of exceptions reserved to his ruling, states:
“The evidence showed that the defendant was in possession of what the state’s witness'es called “shinney.” The court takes judicial cognizance that the word “shinney” is used generally and exclusively in the locality of the town of De Bidder, and the parish of Beauregard as a name for an intoxicating whisky made in that locality from corn and other grains. It is so generally used that no one in that community or locality has any doubt as to the meaning of the term, and that it applies to a homemade, intoxicating whisky; that the term is only applied and only used in connection with an intoxicating homemade whisky, and the court takes judicial cognizance of the meaning of that term in that locality ánd of the fact that the whisky bearing that name is intoxicating. Since it is a well-known fact that the courts have universally held that judicial notice might be taken that whisky is intoxicating, the conclusion is that judicial notice may be taken of the fact that “shinney” is intoxicating.”
In other words, the per curiam of the trial judge shows that it is a matter of common knowledge in the town of De Ridder and the parish of Beauregard, where he holds the sessions of the district court, that “shinney” is intoxicating, and that it is but another name for a homemade, intoxicating whisky. That “shinney” is intoxicating seems to be about as well known in the community in which defendant was convicted as that fire will, burn or water will drown. Evidently when “shinney” is called for in that particular bailiwick, there is not the slightest danger of receiving an innocuous, nonalcoholic liquid, containing less than one-half of one per cent, of “kick.”
Section 8 of Act 39 of 1921, known as the Hood Act, expressly provides;
“That the word ‘liquor’ or - the phrase ‘intoxicating liquor,’ wherever used in this act, shall be construed to include, alcohol, whisky, brandy, rum, gin, beer, ale, porter,” etc., “by whatever name Galled.” (Italics ours).
We are not willing, therefore, to subscribe to the startling proposition that a judge, who *635 can take judicial cognizance of the commonly known fact that “whisky” is intoxicating, is prohibited from taking judicial cognizance of such fact, merely because the bootlegger, as a subterfuge or evasion, has seen fit to dub his “homemade whisky” by some other name. It must be necessarily conceded that various liquids, containing one half of one per cent, or less, of alcohol, could not acquire in any community the common reputation of being intoxicating. It follows, therefore, that a trial judge in such cases could not take judicial cognizance of the intoxicating character of the various alcoholic liquids, either medicated, proprietary or patented: but that it would be necessary for the state to establish by proof that the alcoholic contents of such liquids exceeded the per cent, of alcohol limited by law.
Chamberlayne in “The Modern Law of Evidence,” vol. 1, § 763, under the head of “Knowledge Common” states that—
“The court knows established or even slang phrases which are familiar to the general community, in as much as courts have no right to be ignorant of the meaning of current phrases which everybody else understands.”
In section 696 of this work, the author says:
“Courts of general jurisdiction do not treat as matters of common knowledge facts of merely local notoriety. Within limits not wéll defined, and following, in part, the analogy of the court’s knowledge of law, it is, as a rule, rather the community for which than the community in whiqh the judge is sitting which determines the range of the facts which he will treat as common knowledge.”
However, in the succeeding section (697), the exception to this rule is stated as follows:
“On the contrary, facts may be regarded as commonly known even by a judge of general jurisdiction; provided they are so known and understood in a limited community with which the judge is specially familial-, and for which, in a real sense, he may be regarded as sitting.”
The trial judge, although presiding in the district court, a eoúrt of general jurisdiction, shows in his per curiam that he is familiar with the meaning and use of the word “shinney” in Beauregard parish where he holds stated sessions of his court, and that he is specially familiar with that community necessarily follows, as he is the judge presiding over its court, and as he states in his per curiam that in and around De Ridder and in Beauregard parish, “shinney” is but another name for homemade whisky.
“It may be stated generally with regard to the question as to what matters are properly of judicial cognizance that, while the power of judicial notice is to be exercised with caution, courts should take notice of whatever is or ought to be generally known, within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. This rule enumerates three material requisites: (1) The matter of which a court will take judicial notice must be a matter of common and general knowledge. (2) A matter properly a subject of judicial notice must be ‘known,’ that is, well established and authoritatively settled, not doubtful or uncertain. (3) A matter to be within judicial cognizance must be known within the limits of the jurisdiction of the court.” R. C. L. 15, pp. 1057-1060.
All of these requisites are complied with in the instant case. The per curiam of the trial judge shows that the word “shinney” is commonly known, within the limits of the Fifteenth judicial district court, sitting in the parish of Beauregard, to refer exclusively to an intoxicating homemade whisky.
Mr. Greenleaf in his admirable work on Evidence says:
“Whether the fact that a certain liquor is intoxicating should be noticed judicially has been the subject of much controversy. The doubt seems really to arise from the multiple significance of certain names of liquors. Thus, it seems to be proper to hold that ‘whisky’ may be assumed to signify an intoxicating liquor, and that a liquor termed ‘brandy’ is intoxicating, and even that ‘wine,’ - or malt or hop liquors, are intoxicating; but ‘beer’ is a term applied to so many nonmtoosieatmg drinks *637 that evidence of its qualities in a given instance may well be required.” Greenleaf, vol. 1, c. 2, § 5, pp. 11 and 12. (Italics ours.)
The per curiam of the trial judge in this case shows that the name' “shinney” has no “multiple significance” at all, but that it is a matter of common knowledge, within the limits of the district court over which he presides, that the term “shinney” “is only-applied and only used in connection with an intoxicating, homemade whisky.” If the name “shinney,” like the name “beer,” were a term applied in that community to nonintoxicating as well as to intoxicating beverages, there would be some reasonable ground for controversy upon the subject whether it should be noticed judicially as an intoxicating liquor.
Wharton declares that—
“Intoxicating qualities when notorious need not be proved.” Wharton Crim. Law, vol. 2 (11th Ed.) § 1796.
“The courts take judicial notice of well-known qualities and properties of matter. * * * So the courts will take judicial notice that whisky, brandy, rum, and gin are spirituous and intoxicating liquors.” Elliott on Evidence, vol. 1, § 70, p. 84.
“Every person of common intelligence knows that whisky is an intoxicating liquor, and the courts will take judicial cognizance of that fact. * * * The courts are presumed to be acquainted with the meaning of the words of the English language and must take notice of the fact that whisky is a spirit distilled from grain, such as maize, wheat and rye.” Woollen and Thornton, The Law of Intoxicating Liquors, vol. 1, § 27, p. 32.
McKelvey in his work on Evidence says:
“The principle of judicial notice is largely one of common sense. It is not common sense to compel proof of a thing which is a matter of common knowledge, or which is a matter about which the court, as a part of the government, knows, or can easily ascertain.” Mc-Kelvey on Evidence, p. 19.
“Judicial notice,” says Wharton, “takes the place of proof, and is of equal force with any fact shown in evidence. As a means of establishing facts it is therefore superior to evidence. In its appropriate field it displaces evidence, since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary.” Whart. Crim. Ev. (10th Ed.) § 309, p. 591.
As “shinney” is shown by the per curiam of the trial judge to be, not a mere mixture or compound of unknown alcoholic contents, but a mere synonym for “homemade whisky,” distilled from com- and other grain, and, as it is shown that this was a matter of common knowledge within the jurisdiction of the court, we find no error in the trial judge’s taking judicial cognizance of the intoxicating qualities of “shinney” in this case.
After conviction and before sentence, the defendant filed a motion in arrest of judgment, on the ground that there was no proof in the record that the liquid alleged to have been in the possession of the defendant was intoxicating. The record discloses, however, the fact that the district judge took judicial notice that “shinney” is an intoxicating liquor, and, under the authorities cited supra, such notice supplies the place of proof, and dispenses with the introduction of evidence to establish the intoxicating quality of the liquor in question.
Moreover, a motion in arrest cannot be based upon absence of evidence from the record, or upon lack of proof, as evidence in criminal cases forms no part of the record, and the motion in arrest must be founded upon defects patent upon the face of the record.
The other ground of the motion in arrest of judgment is but a reiteration of the ground set forth in the motion to quash as to the unconstitutionality of the Hood Act, and has already been disposed of in discussing the motion to quash.
For the reasons assigned, the judgment appealed from is affirmed.