**STATE ex rel. REBECCA LIBTZ v. D. C. COLEMAN, as Sheriff of and for Dade County, Florida.**

5 So. (2nd) 60                                    Division A
December 12, 1941

William W. Judge, H. B. Hodgen and J. Lewis Hall, for plaintiff in error.

J. Tom Watson, Attorney General, and Sidney L. Segall, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for defendant in error.

ADAMS, J.:

This case comes here on writ of error to review a final judgment in habeas corpus.

The petitioner alleges that on the 19th day of September, 1939, she was committed to the county jail of Dade County to serve a six months sentence; that five days later she was set at liberty and remained at liberty for more than six months; that she was liberated at the request of the executive secretary to the governor; that she did not seek release or consent to same.

The answer of respondent does not deny any of the aforesaid allegations.

The matter came on for final hearing upon the pleadings only and petitioner was remanded.

The only question necessary for us to decide is whether the State can stay the running of a jail sentence prior to expiration, once it begins, without the convict's consent.

It is inconceivable how petitioner was discharged without her request or consent in one form or another. We are bound to review the judgment however upon the record as made below. It is alleged and not denied that the sentence was interrupted without petitioner's consent. Undenied allegations of the petition are taken as true. Kohl v. Lehlback, 160 U.S. 293, 16 S. Ct. 304, 40 L. Ed. 432; Whitten v. Tomlinson, 160 U.S. 231, 16 S. Ct. 298, 40 L. Ed. 406; Ex parte Kerekes, 274 Fed. 870.

We recognize the general rule that a sentence to jail is executed only when the convict has actually suffered the imprisonment unless relieved by some competent authority. 15 Am. Jr. Criminal Law, Sec. 512.

A limitation to this general rule is sustained by logic and good authority. This limitation is to the effect that the convict has a right to pay his debt to society by one continuous period of imprisonment. In Ex parte Eley, 9 Okla. Crim. 76, 130 Pac. 821, the defendant was sentenced to serve 30 days. He entered upon the sentence. Before serving same, the sheriff released him for a period of 55 days and then recommitted him. The Oklahoma court held the sentence executed. This conclusion is sustained by Blackwell v. State, 19 Ala. App. 553, 99 So. 49; Thomas v. State, 25 Ala. App. 576, 151 So. 473; White v. Pearlman, 42 Fed. 2nd. 788.

This case is distinguished from Terrell v. Wiggins, 55 Fla. 596, 46 So. 727 and State v. Horne, 52 Fla. 125,

42 So. 388 on factual grounds. In each of those cases the convict had agreed or acquiesced in the interruption of the sentence.

It is urged by respondent that we should take judicial notice of the petitioner's application for parole. If this be a fact, she might come under the rule announced in Terrell v. Wiggins and State v. Horne, supra. Judicial knowledge cannot be resorted to however to raise questions not presented by the record. 20 Am. Jur. 48, Par. 18; Mutual L. Ins. Co. v. McGrew, 188 U.S. 291, 47 L. Ed. 480, 23 S. Ct. 375, 63 L.R.A. 33; Mountain View Min. & Mill. Co. v. McFadden, 180 U.S. 533, 45 L. Ed. 656, 21 S. Ct. 488.

Respondent's refusal to tender an issue of this fact in the court below dispensed with the necessity of proof of same. Judicial notice should be exercised with great caution. The matter must be of common and general knowledge. It must also be authoritatively settled and not doubtful or uncertain. And it must also be within the court's jurisdiction. 20 Am. Jr. 48, par. 17; Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200; Varcoe v. Lee, 180 Cal. 338, 181 P. 223, citing R.C.L.; State v. McClinton, 152 La. 632, 94 So. 141, citing R.C.L.; Texas Co. v. Brandt, 79 Okla. 97, 191 P. 166, citing R.C.L.

The judgment is reversed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.