ROBERTS, Justice.
This is an appeal in a habeas corpus proceeding filed in the lower court by the appellant attacking the lawfulness of his detention under a one-year sentence imposed by the Criminal Court of Record of Dade County on March 10, 1954. The lower court held that he had served only 156 days of such sentence and declined to enter an order directing his release from custody.
The only history of appellant’s imprisonment necessary to be related here is as follows: On January 24, 1955, while serving the one-year term in question, the appellant was transferred to the custody of the Sheriff of Palm Beach County to await trial on a charge of obtaining money under false pretenses then pending against him in the Criminal Court of Record of that county. He was held in the Palm Beach County jail from January 24, 1955, to July 20, 1955, at which time he was released on bail. The sole issue here is whether the time spent in the Palm Beach County jail, while awaiting trial, should be credited to the 1954 one-year sentence. We have concluded that the trial judge erred in refusing to give the appellant credit for that time.
In State ex rel. Libtz v. Coleman, 1941, 149 Fla. 28, 5 So.2d 60, 61, this court held that a “convict has a right to pay his debt to society by one continuous period of imprisonment.” There, it was not denied that the convict was released from jail without her request or consent, and the court held that her sentence had been executed at the expiration of the term during her release from imprisonment. The court distinguished the cases of Terrell v. Wiggins, 55 Fla. 596, 46 So. 727, and State v. Horne, 52 Fla. 125, 42 So. 388, 7 L.R.A.,N.S., 719, on factual grounds because it appeared that [i]n each of those cases the convict had agreed or acquiesced in the interruption of the sentence.”
It must therefore be held, under the authority of State ex rel. Libtz v. Coleman, supra, 5 So.2d 60, that since appellant’s service of his sentence was interrupted without his acquiescence or consent, he must be credited with the time spent in the Palm Beach County jail awaiting trial.
It appears, however, that appellant was tried and convicted of the Palm Beach County charge on May 10, 1956. Accordingly, the appellant should be transferred to the custody of the Sheriff of Palm Beach County for a determination by the judge of the Criminal Court of Record of that county of the question of whether appellant should be detained under its judgment and sentence, and it is so ordered.
Reversed with directions.
TERRELL, C. J., and THOMAS and O’CONNELL, JJ., concur.