WIGGINTON, Judge.
In 1955 Appellee McShane was informed against in the Circuit Court of Sarasota County in two separate informa-tions charging forgery. Upon being convicted of these charges he was sentenced to serve two years in the state prison at Raiford upon each charge to run concurrently, and was thereupon committed to the custody of the Sheriff of Sarasota County on June 28, 1955. Four days after this commitment McShane was delivered over to the Sheriff of Manatee County for prosecution on three worthless check charges then pending against him in the Manatee County Court. Upon entering a plea of guilty McShane was sentenced, on August 8, 1955, to serve 45 days in the Manatee County jail on each charge, the sentences to run consecutively. After completion of the latter sentences on October 29, 1955, the prisoner was transferred to th.e State Prison at Raiford on November 15, 1955, to commence the sentences previously imposed by the Sarasota County Circuit Court.-
On March 9, 1957, McShane petitioned' the Circuit Court of Bradford County for ■ a Writ of Habeas Corpus, directed to the Superintendent of Raiford Prison, contending that the two-year forgery sentenc-es-commenced to run within a “reasonable time” after the date of his commitment on June 28, 1955; and by deducting gain time the sentences were completed as of March 2, 1957. This contention is based upon the premise that the Sheriff of Sarasota was, by statute, required to deliver him to Rai-ford within a reasonable time after sentence and commitment, and that said sheriff was without authority to release him to the sheriff of another county for further prosecution. McShane therefore urged that the sentences imposed by the Sarasota County Circuit Court be held to have run concurrently with the sentences subsequently imposed by the County Court of Manatee County.
Appellant, Superintendent, of Raiford Prison, has contended that the Sheriff--of Sarasota County acted within ■ his lawful authority in releasing the prisoner to the Manatee County Sheriff and, further the prisoner should be required to serve all sentences in full since any delay in commencing the first sentence was due to the fault of the prisoner in that he committed the offenses for which he- was subsequently tried and sentenced by the court in Manatee County.
The Bradford County Circuit Court caused the -writ to issue and, after hearing," entered -its judgment ordering petitioner discharged from custody. By its judgment the court found that the prisoner’s two-year sentence commenced on July 2, 1955, which date was considered- to be a reasonable time after -issuance of the commitment. It is from this judgment that appeal is • taken by the respondent prison superintendent.
The appropriate method of handling prisoners after sentence and - commitment is controlled entirely by statute. Section 922.-01, F.S. 1955, F.S.A., .provides that after pronouncement of sentence and commitment by the court “ * * * the sheriff shall thereupon, within a reasonable - time, * * * transfer the defendant * * *, to the custody of the official whose duty it is to execute the sentence * * * We find nothing in this language that justifies a sheriff in permitting a prisoner to be bandied about over the State in response to requests from or detainers filed by other sheriffs or prosecuting officers. The statute is devoid of any ambiguity and admits of no other construction than that upon receipt of a prisoner under commitment the sheriff shall deliver him to the official charged ¡with the duty of executing the sentence, and to no one else.
True enough, a sheriff is accorded-a reasonable time within which to perform his statutory duty. And, what ’ constitutes a reasonable time has been construed as that time reasonably necessary to complete the transfer of a prisoner to the custody of the officer having the duty of executing the *240 sentence.[1] That a sheriff is permitted this time to compensate for the necessary-administrative details accompanying the transfer of a prisoner does not in any manner detract from his primary duty to forthwith deliver the prisoner into custody of the appropriate executing officer.
Appellant relies heavily upon the case of Harrell v. Shuttleworth,[2] decided by the District Court of Appeals, Fifth Circuit, as support for his position. In that case the prisoner was serving a six-year term in the State Prison at Raiford during which time there was imposed upon him a two-year sentence by a U. S. District Court in Florida. The latter sentence was to begin at the expiration of the term then being served at the State Prison. Subsequent to the imposition of this federal sentence, and while still confined to the state prison, the prisoner committed and was convicted of another crime against the State, for which he was sentenced to an additional six-year term at Raiford. Upon completion of both six-year sentences, the prisoner sought release from the federal sentence by habeas corpus. It was his contention that the federal term commenced to run at the end of his first six-year state sentence, and therefore, ran concurrently with his second state sentence. This contention was rejected by the federal court on the theory that the delay in beginning the federal term was occasioned by the prisoner’s own intervening acts for which he must bear the consequences.
The case now before this court is controlled by the Florida Statute that prescribes the duty imposed upon a Florida sheriff relative to the handling of prisoners committed to his care. The time of commencement of a sentence imposed by a Federal Court is controlled by federal statute[3] and cannot be held to have any bearing on such questions arising under the laws of this State.
It has been held by the Supreme Court of Florida, and we think correctly so, that a convict has a right to pay his debt to society by one continuous period of imprisonment, to begin within a reasonable time after commitment.[4] While we do not hold that commencement of a sentence cannot under any circumstances be altered or extended by the consent, agreement or acquiescence of a prisoner,[5] it is clear from the record in this case the prisoner did nothing that could be interpreted as consenting to his release to the Sheriff of Manatee County. He was not a free agent privileged to control his own destiny, or to determine the time and manner in which he would be transferred'to the state prison there to begin the repayment of his debt to society. On the contrary, he was under the absolute control of the Sarasota County Sheriff' who, as agent for the State, was charged with the duty to transfer the prisoner to Raiford. “The state cannot take advantage of the nonperformance of a duty imposed by law upon its agent as an excuse to detain a prisoner beyond the time of his commitment, and beyond ‘a reasonable time,’ thereafter to transfer the prisoner to Raiford.” [6] It requires but little imagination to visualize the injustice and abuse that could result if any different rule were approved. The exercise of governmental power without regard to lawful restraints, inevitably will lead to tyranny. The Sheriff of Sarasota County failed to perform his duty under the law and acted without authority in delivering the prisoner in this case to the Sheriff of Manatee *241 County for further prosecution for other crimes. Therefore, we hold that the two-year sentences imposed upon appellee by the Circuit Court of Sarasota County commenced to run within a reasonable time after commitment on June 28, 1955, and time served in the Manatee County jail must be calculated as having been served concurrently with the two-year sentence.
We are not unmindful of the general rule that a sentence is considered executed only when the convict has actually served the imprisonment, unless released by some competent authority. This rule, we believe, contemplates imprisonment based upon compliance with lawful authority. Nor do we lack sympathy for appellant’s argument that a prisoner should be required to serve in full all sentences imposed upon him as a result of his own misconduct. Our sympathies in this respect, however, cannot be indulged to the point of sanctioning a clear violation of the rights vested in a prisoner by law, or a duty imposed by law upon a sheriff as agent for the state. Courts serving a society in which individual rights are governed by law cannot with propriety accept the bare contention that a prisoner is deserving of greater punishment than that which is lawfully imposed.
If the handling of persons convicted of crimes proves cumbersome, unwieldy or impractical under provisions of the existing statute, the remedy lies in an appeal to the Legislature; not to the courts. To give our approval to the proposition that a sheriff may deliver a prisoner committed to him under sentence to one other than the person charged with the execution of the sentence as provided by the statute would be to overrule the clear mandate of the Legislature and constitute judicial legislation in the extreme. This we are neither authorized nor inclined to do.
The judgment appealed from is accordingly affirmed.
STURGIS, C. J., and WILLIS, BEN C, A. J., concur.

. Dettmer v. Mayo, Fla.1952, 61 So.2d 192.

. Harrell v. Shuttleworth, 200 F.2d 490.

. 18 U.S.O.A. § 3568.

. State ex rel. Sitamore v. Kelly, Fla.1957, 94 So.2d 726; Dettmer v. Mayo, supra; State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So.2d 60.

. See: Terrell v. Wiggins, 55 Fla. 596, 46 So. 727; State v. Horne, 52 Fla. 125, 42 So. 388, 7 L.R.A.,N.S., 719.

. Dettmer v. Mayo, supra, 61 So.2d at page 195.