LILES, Judge.
This is an original proceeding in habeas corpus wherein the petitioner seeks relief from imprisonment for contempt of the juvenile court of Sarasota County. This court issued a writ pursuant to the petition and respondent filed his return.
The situation arose out of a child support proceeding held in the juvenile court. The juvenile judge, in an order dated August 28, 1963, ordered petitioner to pay $30.00 per week for the support of petitioner’s two minor children, and that the same be paid into the registry of the juvenile court.
On June 3, 1965, a contempt citation was served on petitioner. It apparently was based on an affidavit filed September 8, 1964 by the clerk of the juvenile court alleging that the petitioner was in arrears in support payments. Petitioner was subsequently arrested and confined to jail. At the hearing, the juvenile judge found petitioner to be in contempt, and ordered him to pay a $500.00 fine or serve four months in jail retroactive to June 10, 1965. The order further stated that any future support petitions filed by petitioner’s wife would not be accepted unless the juvenile judge was first consulted, and should either petitioner or his wife return to Sarasota County they must immediately notify the juvenile court if they intended to remain for a period of more than forty-eight hours.
Petitioner, in seeking writ of habeas corpus, alleged that shortly after the entry of the 1963 support order he moved with his family to Okeechobee, Florida, and had been continuously employed there, had lived with and supported his family since that time, but had not paid support money into the juvenile court registry. These allegations are not controverted by either the contempt order or respondent’s return and are, therefore, assumed to be true. State ex rel. Libtz v. Coleman, 1941, 149 Fla. 28, 5 So.2d 60; Skipper v. Schumacher, 1936, 124 Fla. 384, 169 So. 58.
The purpose of the original support order was to insure proper care and support of petitioner’s minor children, and the fact that petitioner failed to pay certain sums of money into the registry of the court could at best be only a technical contempt. It is significant here that petitioner’s wife did not institute the contempt proceedings which took place almost two years after the entry of the order of support. It is therefore logical to assume that the purpose of the original order, i. e., support of petitioner’s minor children, was carried out.
Punishment for contempt is imposed to vindicate the authority and dignity of the judicial office, and the penalty should have reference to the nature and enormity of the act complained of and the wrong done to the court. Ex parte Earman, 1923, 85 Fla. 297, 95 So. 755, 31 A.L.R. 1226. The order of commitment here is in the nature of punishment for a contempt more technical than real. Under the circumstances we feel that the sentence was excessive. The petitioner should be discharged.
It is so ordered.
SMITH, Acting C. J., and ANDREWS, J., epneur.