COWART, Judge.
Defendant seeks a writ of habeas corpus, alleging that he has served his sentences and is entitled to immediate release. In 1978, defendant was sentenced to two concurrent five-year terms of incarceration for burglaries of structures. The sentences provided that defendant could serve his time in a federal facility, concurrent with his incarceration for federal parole violations, and defendant was released to federal authorities. In 1980, the federal authorities released defendant on parole, notwithstanding a Florida detainer lodged against him, and without prior notification to the Florida authorities. Defendant was re-arrested in 1983 for federal parole violations and Florida authorities were notified of his status for the first time. However, an attempt by Florida officials to have the defendant detained after his re-arrest was unsuccessful and defendant was again released on federal parole which he successfully completed in 1985. In 1987, Florida authorities located and took defendant into custody to complete his five-year sentences.
*1325 Defendant contends that he is entitled to release because he has a right to serve his sentence in one continuous period of imprisonment, and therefore his sentence was completed as of 1983. See, e.g., State v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941); Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986). However, both cases cited by defendant are distinguishable because they involve the early release of a prisoner due to a mistake of Florida officials, while in this case the federal authorities erroneously released the defendant despite the existing Florida detainer. See, e.g., Williams v. State, 426 So.2d 1121 (Fla. 1st DCA 1983), rev. denied, 437 So.2d 677 (Fla.1983) (failure of State of New York to honor Florida detainer should not result in denial of Florida’s right to enforce its laws).
The defendant has not yet completed serving his Florida sentences and therefore is not entitled to release. See Sheppard v. Mayo, 46 So.2d 729 (Fla.1950), cert. denied, 340 U.S. 927, 71 S.Ct. 484, 95 L.Ed. 669 (1951).
PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.
ORFINGER and SHARP, JJ., concur.