(98 South. 708)

**Ex parte STATE ex rel. ATTORNEY GENERAL.**

**McLOSKY v. STATE.**

**(7 Div. 436.)**

(Supreme Court of Alabama. Dec. 13, 1923.)

Criminal law ⬤⟿99—Recitals in appeal bond held sufficient to give circuit court jurisdiction.

Where the record shows the original affidavit and warrant of arrest issued in the county court, and an appeal bond in the usual form recited his conviction in the county court, *held*, that the recitals were sufficient to give the circuit court jurisdiction, notwithstanding the failure of the record to disclose a compliance with the statute, requiring the judge of the county court to prepare a certified copy of the proceedings, and hand it to the clerk of the circuit court.

Certiorari to Court of Appeals.

F. C. McLosky was convicted of an offense, and on appeal to the Court of Appeals, the judgment being reversed on rehearing, the State of Alabama, on the relation of its Attorney General, petitions for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled McLosky v. State, 98 South. 706. Writ awarded; reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Although the judge of the county court is required to send up certain papers certified to be correct, the appeal bond, showing the judgment, etc., is sufficient to confer jurisdiction on the circuit court. The certification is a mere ministerial duty. Code 1917, §§ 6725, 6726; S. & N. A. v. Pilgreen, 62 Ala. 305; Hardee v. Abraham, 133 Ala. 341, 32 South. 595; Oklahoma Vinegar Co. v. Kaupp, 136 Ala. 629, 33 South. 868; Nickerson v. State, 205 Ala. 684, 88 South. 905; Lee v. State, 10 Ala. App. 191, 64 South. 637. The cases of Hall v. State, 19 Ala. App. 178, 95 South. 904; Alford v. State, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093, and Ex parte Rogers, 12 Ala. App. 218, 67 South. 710, are not applicable to the question here.

Culli & Hunt, of Gadsden, opposed.

No brief reached the Reporter.

GARDNER, J. Petition for writ of certiorari by the state, to review the ruling of the Court of Appeals reversing the judgment of conviction in the case of McLosky v. State, 98 South. 706. Upon original consideration of the cause, the Court of Appeals affirmed the judgment of conviction, but upon application for rehearing reached the conclusion that the judgment must be reversed for the reason there was not sufficient data in the record to show how the circuit court acquired jurisdiction of the cause; the case having first been tried in the county court.

It is not questioned that the record shows the original affidavit and warrant of arrest issued in the county court, and also the appeal bond filed by the defendant reciting his conviction in the county court for the same offense for which he was tried in the circuit court, and that from such conviction an appeal was prosecuted to the circuit court. The bond was in the usual form, and its further recitals need not be here noted.

The appeal to the circuit court was authorized by section 6725 of the Code of 1907; the succeeding section providing that upon such appeal being taken the judge of the county court shall make a copy of the proceedings had in his court, excepting in subpoenas, certify the same as correct, and hand the transcript together with the appeal bond to the clerk of the circuit court.

For the failure of the record to disclose a compliance with these provisions, the Court of Appeals concludes that the circuit court is not shown to have acquired jurisdiction, notwithstanding the original affidavit and warrant and the appeal bond executed by the defendant contained the recitals above noted. The Court of Appeals rests its decision upon the case of Hall v. State (Ala. App.) 95 South. 904.[1] In that case, however, the appeal bond was stricken from the record, and what was

———————

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 19 Ala. App. 178.

said by the court upon the question here involved was therefore unnecessary to the determination of the cause, and therefore dictum.

We have examined the cases from the Court of Appeals cited in the Hall Case, but it does not appear to our minds that the exact question was there presented, as to the effect of the recitals of the appeal bond, and, indeed, in one of the cases (Courson v. State, 18 Ala. App. 538, 93 South. 223), the opinion expressly recites that no appeal bond appears in the record.

In the case of Lee v. State, 10 Ala. App. 191, 64 South. 637, the court held that the recitals of the appeal bond were sufficient to give the circuit court jurisdiction, citing in support thereof S. & N. Ala. R. R. Co. v. Pilgreen, 62 Ala. 305; Hardee v. Abraham, 133 Ala. 341, 32 South. 595; to which may be added Okl., etc., Co. v. Kaupp, 136 Ala. 629, 33 South. 868. These latter decisions relate to the question of appeal from a judgment of a justice of the peace to the circuit court, and the effect of the failure of the justice to comply with the statute requiring a statement, signed by him, of the case and judgment rendered, to be delivered to the clerk of the circuit court within a certain specified time. These decisions show that under the uniform holding of this court, the recitals in the appeal bond suffice to give the circuit court jurisdiction, notwithstanding a failure of the justice to make the statement as required by the statute. In Lee v. State, supra, the Court of Appeals deemed these decisions analogous to the question of jurisdiction of the circuit court, acquired by virtue of an appeal from the judgment of conviction in the county court, as authorized by section 6725, supra. We are of the opinion the Lee Case is correct, and should have been followed rather than overruled.

We recognize that the circuit court does not acquire jurisdiction by the execution of the appeal bond, for such bond is not a condition precedent to an appeal (Alford v. State, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093), but the holding in the Lee Case, which we here approve, is to the effect that the recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause.

We are therefore of the opinion that the reversal of the judgment upon this ground by the Court of Appeals was erroneous. The petition for certiorari will therefore be awarded, and the cause remanded to that court.

Writ granted; reversed and remanded.

All the Justices concur.