(132 So 69)

## IRWIN v. STATE.

### 3 Div. 669.

Court of Appeals of Alabama.

Jan. 20, 1931.

Hamilton & Jones, of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of violating the law prohibiting the possession, etc., of intoxicating liquors.

■ The prosecution was begun in the county court by an affidavit and warrant of arrest made and issued within twelve months from the time shown by the evidence to be that of the commission of the alleged offense. It was continued in the circuit court, on appeal upon the original affidavit. This was permissible. Code 1923, § 4646.

While it is true, as insisted by appellant's able counsel, that "this is a case where the prosecution is built upon a spoonful of prohibited liquors found in a bottle recovered from the woods," etc., yet we must hold that the evidence was ample to support the verdict of the jury. We are unable to afford appellant any relief merely because he was convicted of the offense of being in possession of only a "spoonful of liquor." According to the testimony, and fair inference to be drawn from it, he may have been shown to have been in possession of the whole bottle—half-pint bottle—full of whisky.

■ The appeal bond made by appellant to take the case from the county court, where he was first tried, to the circuit court, contains the recitals of his trial and conviction in the county court and his appeal from said judgment of conviction to the circuit court. These recitals sufficed to show jurisdiction of the cause in the circuit court. Ex parte State ex rel. Attorney General, 210 Ala. 458, 98 So. 708.

We have searched the record diligently for prejudicial error, but, finding none, the judgment of conviction must be, and is, affirmed.

Affirmed.