151 So. 473

## THOMAS v. STATE.

### 4 Div. 46.

Court of Appeals of Alabama.

Dec. 8, 1933.

Guy W. Winn, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

It appears from the transcript that petitioner was tried and convicted in the Barbour county court, of a misdemeanor, on October 9, 1933, and the court thereupon entered the following purported judgment, to wit: "10-9-33, Defendant pleads guilty, he is guilty as charged, and the court assesses a fine of $10.00 and costs, and in addition thereto the defendant perform hard labor for the County of Barbour for the period of ——— days. G. O. Wallace, Judge."

It further appears that the petitioner was taken into custody by the sheriff and confined in the county jail where he remained until October 23, 1933, on which date he filed his petition for writ of habeas corpus before the Honorable G. O. Wallace, judge of probate of Barbour county, Ala., seeking to be released from further imprisonment. The hearing on the petition was held on October 28, 1933, and on that date the writ was denied and petitioner remanded to the custody of the sheriff. From said order or judgment this appeal was taken.

Petitioner insists he is entitled to be discharged: "(1) Because his said imprisonment is not authorized by any process, judgment or decree or any provision of the law. (2) Because the purported judgment and sentence of said court is void in that it fails to set out the number of days hard labor the petitioner is to perform for the county; also, it fails to state whether or not the

fine and costs have been paid, and it fails to place sentence upon defendant in event the fine and costs are not presently paid; and, further, that said purported judgment is vague and uncertain, is unintelligible and it is impossible to ascertain its meaning. (3) And if the original imprisonment was lawful the petitioner has become entitled to his discharge by reason of some subsequent act, omission, or event. (4) That the defendant has been detained in jail for an unreasonable length of time."

The facts set forth in the petition were undisputed.

The law is well settled that, when a convict is sentenced to hard labor for the county, and a reasonable time for the execution of the sentence has passed, his further detention and imprisonment in the county jail is unauthorized and illegal, and he becomes entitled to his discharge. The petitioner, therefore, in the instant case was entitled to be discharged for this reason and the lower court erred in denying the writ.

This petitioner was also entitled to the relief prayed by virtue of the total insufficiency of the purported judgment of conviction under which he was held. For this reason, too, the lower court erred in its ruling in this connection.

The action or ruling of the court in denying the writ is reversed. The writ of habeas corpus is awarded by this court and the discharge of the prisoner, for the reasons stated, is hereby ordered.

Reversed and rendered.