185 So. 907

**VARNER v. STATE.**

4 Div. 469.

Court of Appeals of Alabama.

Dec. 20, 1938.

Rehearing Denied Jan. 17, 1939.

W. Perry Calhoun, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Keener Baxley, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

Prosecution was begun by affidavit and warrant returnable to the County Court. The defendant was convicted in the County Court, and from that judgment he appealed to the Circuit Court by giving proper notice and making an appeal bond. There appears in this record a copy of the original affidavit, warrant, search warrant, judgment of the County Court, appearance bond in the County Court, judgment of the County Court, appeal bond from the judgment in the County Court to the Circuit Court, an itemized statement of the cost bill, and a certificate from Roy O. Hill, Clerk of the County Court, to the effect that a true copy of the judgment in the County Court in the case of the State v. R. C. Varner and an itemized cost bill is correct and that he had transmitted with said judgment and cost bill all of the original papers in the case. This return was filed in the Circuit Court as certified by the Clerk of that Court.

The contention is now made that the transmission of the original papers is not a compliance with the requirements of Section 3839 of the Code of 1923.

Since the case of Ex parte State ex rel. Attorney General, McLosky v. State, 210 Ala. 458, 98 So. 708, 709, it has been held "that the recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause." Prior to the decision in the McLosky Case, supra, this court had held differently, and its decision required a strict compliance with Section 3839, supra.

The Circuit Court having acquired jurisdiction of the cause, any omissions or irregularities in the transmission of the record from the County Court to the Circuit Court must be taken advantage of on the trial in the Circuit Court, and cannot

be raised for the first time on appeal to this court.

 We have examined the record and the testimony as shown in the transcript in relation to the exceptions reserved on the admission of testimony. Everything that took place, or that was said by the parties at the time of the search and arrest of the defendant were parts of the res gestae, and were admissible in evidence. The cases cited by appellant have no application to the present appeal.

We find no error in the record, and the judgment is affirmed.

Affirmed.