190 So. 101

### TRIBBLE v. STATE.
### 8 Div. 801.

Court of Appeals of Alabama.

June 13, 1939.

R. B. Patton, of Athens, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, convicted of a misdemeanor in the Municipal Court of Limestone County—an inferior court of statutory creation (Local Acts Alabama 1931, p. 167)—appealed, under the provisions of Code 1923, § 3837—which were applicable —to the Circuit Court of Limestone County.

The record, in its entirety, appears regular in all respects—unless we say—which.

is a fact—that the same shows that the Clerk of the Municipal Court did not file the "copy of all the proceedings had in his court" (Code 1923, § 3839), in the Circuit Court, in the time provided in Code 1923, § 3838.

This dereliction was made the basis of a motion by appellant to quash the proceedings in the Circuit Court. And the overruling of this motion is the only matter apparent worthy of our mention.

All that is necessary to be said is .that the exact question raised has been decided, heretofore, by this Court, adversely to appellant's contention, in the case of Thompson v. State, 26 Ala.App. 264, 157 So. 886, 887, where Judge Samford said, speaking for us, "section 3838, supra, is a directory statute, and, upon a failure on the part of the inferior court to send up the appeal, renders such court subject to the supervisory power of the court to which the appeal is taken, and the *only effect of a failure to send up the record* within the time named is to delay the trial in the circuit court until such record can be procured." (Italics presently supplied).

It results the judgment must be affirmed. And it is so ordered.

Affirmed.