27 So.2d 237

**ALEXANDER, Chief of Police, v. POSEY.**

**6 Div. 315.**

Court of Appeals of Alabama.

Aug. 1, 1946.

H. H. Sullinger, of Bessemer, for appellant.

Lipscomb & Lipscomb and W. E. Brobston, all of Bessemer, for appellee.

HARWOOD, Judge.

This is an appeal from a judgment of Honorable Gardner Goodwyn, Judge of the Bessemer Division of the Circuit Court of Jefferson County, granting the petition of Ernest Posey (appellee) for a writ of habeas corpus, and discharging him from the custody of Lacey Alexander, Chief of Police of the City of Bessemer.

The appellee was on 15 November, 1945, found guilty in the Police Court of the City of Bessemer of a violation of a city ordinance pertaining to alcoholic or brewed beverages.

The judgment and sentence entered by the judge of the Police Court was in words and figures as follows:

"Mayor's Docket #43, City of Bessemer Docket No. 2193. Date 11–13–45. The City of Bessemer vs. Ernest Posey. Col. W Sex M Charge C9, S12B. Arresting Officer Grimes, Mullins, Anderson, Brown.

"Sentence: 11–15–45. Defendant plead not guilty. On hearing the evidence the Court is of the opinion that the defendant is guilty. It is ordered and adjudged by the Court that the defendant is guilty, and is fined $10.00 and costs. The fine not being presently paid or judgment confessed therefor as provided by law, defendant is sentenced to hard labor for the City of Bessemer ———— to pay a fine, at the rate of fifty cents per day, and as an additional punishment the defendant is sentenced to perform hard labor for the City of Bessemer for a term of ———— days.

"L. H. Etheridge,
"Mayor and Ex-Officio Recorder."

Immediately following his conviction the appellee filed an appeal bond to the Circuit Court, upon which bond appellee's attorney endorsed a written demand for a jury trial, and thus obtained his release from custody. This purported bond was in usual form and need not be commented upon, other than to note that it was approved by Lacey Alexander, Chief of Police of Bessemer. It was stipulated at the habeas corpus hearing that Lacey Alexander was not on 15 November, nor on the date of the hearing, the recorder trying said case in the police court.

On the cover of said bond appears the following:

"The City of Bessemer v. Ernest Posey. Charge Chapter 9, Section 12 B. Defendant appeared in open court, plead not guilty; evidence heard and the defendant sentenced to pay a fine of $10.00 and costs, or in lieu thereof to serve 26 days at hard labor upon the streets of the City of Bessemer, Alabama.

"Defendant appealed to the Circuit Court of Jefferson County, Bessemer Division, bond fixed at $25.00, which was made and approved this the 15th day of November, 1945. Fine $10.00, costs $3.00, Total $13.00.
"————, Clerk."

This appeal came on for hearing in Bessemer Division of the Circuit Court of Jefferson County on 4 February, 1946, at which time the attorney for the City of Bessemer moved to dismiss said appeal on the grounds that the appeal bond had not been approved by the officer or recorder

trying the case, as required by law. See Sec. 587, Title 37, Code of Alabama 1940. Thereupon the circuit court granted the motion to dismiss the appeal, the order of the court being in the following language: "Motion of City Attorney to dismiss appeal for failure to file approved bond sustained, and appeal dismissed."

On 11 February 1946, Rose Huey, Deputy Clerk of the Circuit Court, issued an alias warrant for appellee's arrest, which was executed by the sheriff, the date of arrest being blank in the sheriff's endorsement.

Thereafter on 18 February 1946 the appellee filed his petition in the circuit court for a writ of habeas corpus, setting forth that he was imprisoned and unlawfully held by Lacey Alexander, Chief of Police of Bessemer. The petition for the writ was granted, and after hearing on 20 February 1946 the circuit court granted the petition of appellee discharging him. The respondent (appellant here), Lacey Alexander, duly reserved an exception to this action of the circuit court and perfected his appeal to this court.

■ While it is true that the recitals of the appeal bond showing the trial and conviction of a defendant in a recorder's or other like court, and his appeal to a circuit court, are now deemed sufficient to vest jurisdiction in the circuit court, Ex parte State, ex rel. Attorney General, McLosky v. State, 210 Ala. 458, 98 So. 708; Varner v. State, 28 Ala.App. 414, 185 So. 907, we think that this doctrine must necessarily be based on the existence of a valid appeal bond.

■ The appeal bond in this case was not approved by the recorder trying this case, as required by Section 587, Title 37, Code of Alabama 1940. It was therefore a nullity, and could in no way work to confer jurisdiction on the circuit court. Steele v. Town of Oxford, 25 Ala.App. 529, 149 So. 722. No attempt to take an appeal to the circuit court, without bond, was made, so that question need not be considered.

The appellant, after his conviction in the recorder's court, was therefore, because of the void appeal bond, in the same status he would have occupied if no appeal had been attempted.

■ When a convict (appellee in this instance) is sentenced to hard labor and a reasonable time for the execution of the sentence has passed, his further detention is unauthorized and illegal and he becomes entitled to his freedom. Thomas v. State, 25 Ala.App. 576, 151 So. 473. As a general rule, the day on which a prisoner is sentenced will be reckoned as a part of his imprisonment. Corporate Authorities of Scottsboro v. Johnston, 121 Ala. 397, 25 So. 809. In the instant case the record shows that at the time of the issuance of the alias warrant by the clerk of the circuit court the time had expired for the execution of the sentence imposed on appellee by the recorder's court of Bessemer. The alias warrant was therefore improperly issued after dismissal of the appeal in the circuit court on the motion of the City of Bessemer and could not legally serve as a basis for appellee's detention.

We think the above principles decisive of this case, and refrain from discussion of the other points ably briefed and argued by counsel on both sides.

Affirmed.