47 So.2d 287

**FORD v. CITY OF BIRMINGHAM.**

6 Div. 970.

Court of Appeals of Alabama.

May 16, 1950.

Rehearing Denied June 6, 1950.

Wm. Conway, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

CARR, Judge.

In the circuit court the accused was charged and convicted on this complaint: "Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Phillip Ford within twelve months before the beginning of this prosecution and within the City of Birmingham, or the police jurisdiction thereof, did possess tickets, writings, papers, slips, documents, or memorandums of a kind which are customarily or usually used in the operation of a lottery, policy game, or other game of chance, contrary to and in violation of Section 600 of the General City Code of Birmingham of 1944."

We held a similar complaint sufficient against demurrers in the case of Stinson v. City of Birmingham, 31 Ala.App. 577, 20 So.2d 113.

The record shows the appeal bond from the recorder's court to the circuit court. The authorities hold that the recitals of the appeal bond are sufficient to show the trial and conviction of the defendant in the original forum and his appeal to the circuit court, thereby giving the latter court jurisdiction of the case. Lee v. State, 10 Ala.App. 191, 64 So. 637; McLosky v. State, 210 Ala. 458, 98 So. 708; Varner v. State, 28 Ala.App. 414, 185 So. 907; Alexander v. Posey, 32 Ala.App. 494, 27 So.2d 237.

Mr. Abe Goldstein, a witness for the prosecution, testified that he had been a police officer in the City of Birmingham for 28 years, and during the past 12 years of this tenure he had devoted his official activities exclusively to the investigation of gambling and "policy work." He stated that his duties had occasioned many opportunities to investigate and examine the devices and methods that were used in the operation of lotteries.

On the basis of this experience he was asked whether or not the papers and writings which were exhibited to him were customarily or usually used in the operation of a lottery. Over objections he answered in the affirmative.

The witness was qualified to give this answer. Reynolds v. State, 29 Ala.App. 139, 193 So. 192; Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115.

It may be noted that the officer went into lengthy and minute details in explaining to the court and jury how the various figures contained on these exhibits were used for gambling and lottery purposes. A blackboard was employed to aid in the explanation and illustration. Pace v. Louisville & N. R. Co., 166 Ala. 519, 52 So. 52.

The defendant did not testify nor offer any evidence in his behalf.

■ It appears in the record without dispute that these papers and some money were taken from the person of the appellant when he was apprehended and arrested. At that time he stated to the officers that the $17.35 which he had was "policy money and the reason why he didn't have all the money for these tickets here—that somebody else picks up part of the money, and they were raided, and had to pick this up himself."

Objections were interposed to the introduction of these papers and money because the envelope in which they were enclosed contained some written notations that the officer had made for the purpose of identification. It appears that these memoranda were descriptive of the papers and money that were found on the defendant and placed in the envelope. No information was added in this manner to the oral testimony of the officer.

It would have been more orderly and regular to have introduced the contents without the envelope. However, in view of the explanation relating to the memoranda and taking into account also that the evidence was without dispute, as we have indicated, we are clear to the conclusion that reversible error should not be here charged. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Counsel for appellant complains at the manner in which the trial judge ruled on objections to the introduction of evidence. The judge used these expressions: "Let him answer", "Well, leave it in", "Let him tell", and others. When the rulings were against the objections of appellant's attorney, he apparently regarded the statement as equivalent to overruling the objections. At least he made no complaint about the expressions and forthwith registered an exception. We certainly will not deny to the appellant the benefit of a review, because of the appearance of these statements by the trial judge.

■ The court gave a number of written instructions at the request of the appellant. Preliminary to reading them the judge stated: "I want to ask a moment's delay. It is my duty to inspect these and to give certain of them to you. Well, gentlemen, they came a little late, and I haven't had time to digest them. I will just read them to you."

It is urged that the court in this manner minimized the import and effect of the given written instructions.

Assuming, but not deciding, that this statement was invasive of appellant's rights, counsel did not interpose any exceptions or in any manner complain about the matter at the time of the occurrence. Kornegay v. State, 34 Ala.App. 274, 38 So.2d 606; Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145.

■ Refused charges numbered 3 and 4 are not predicated on the evidence, and are otherwise subject to criticism. Edwards v. State, 205 Ala. 160, 87 So. 179; Garrett v. State, ante, p. 141, 44 So.2d 260.

Arguments in brief in support of assignments of error 5, 6, and 7 are not sufficient to meet the demands of the applicable rule. Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712; Barfield v. Bartlett, 23 Ala.App. 9, 119 So. 696; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.