On Rehearing

TYSON, Judge.
The appellant was indicted for the grand larceny of one television set of the value of $279.00, the personal property of Southeast Zayre, Inc., a Corporation, and convicted and sentenced to ten years imprisonment. This case was appealed and affirmed on October 2, 1979, 6 Div. 44, unanimously, without opinion.
The attorneys appointed to represent the appellant on rehearing and to prosecute his appeal have asked for an opinion pursuant to the provisions of Rule 39(k), Alabama Rules of Appellate Procedure. This Court frequently, both on original appeal or on post conviction review, affirms cases with *MCCII out formal opinion where such, in the opinion of the Court, presents no new, novel, or unusual legal questions. Impson v. State, Ala.Cr.App., 339 So.2d 1098 (1976); Thomas v. State, Ala.Cr.App., 373 So.2d 1264 (1979). Each member of the Court carefully considers each brief or memorandum filed in all cases.
Shortly before 10:00 p. m., on the night of October 20, 1978, appellant was observed in the appliance department of Zayre’s department store outlet in Birmingham by Lars Anderson, the security manager for the store. Anderson testified he saw appellant pick up a television set which was still in its carton, pass by a closed cash register, and walk out the door of the store. Outside the store, the door guard asked the appellant for his receipt of purchase. Thereupon, appellant dropped the television and started running away. Anderson and the door guard chased and physically subdued the appellant who aggressively resisted capture. Appellant was placed under arrest and falsely told the police officers that his name was Joseph Jones.
At trial appellant did not testify nor present any evidence in his own behalf.
I
Appellant first contends on appeal that the ownership of the television set was not properly established at trial, and consequently a fatal variance existed between the allegations of the indictment and the proof at trial. Appellant argues that because state witnesses referred to the store on several occasions other than by its exact corporate name, as charged in the indictment, the essential element of ownership was not properly established.
This argument is without foundation. Appellant’s reliance on Savage v. State, 23 Ala.App. 372, 126 So. 790 (1930); and Gaskin v. State, 42 Ala.App. 310, 163 So.2d 220 (1964), is misplaced. In those two cases this Court reversed the appellant’s larceny convictions because the only evidence adduced at trial regarding the names of the establishments from which items were alleged to have been stolen were names different from those specified in the indictment.
In the present case, Lars Anderson was asked if he was an employee of “Southeast Zayre’s, Inc.,” and he replied, “Yes, sir.” He was later asked if the television set was the property of “Zayre’s,” and he again answered in the affirmative. Thus, ownership of the television set was properly established at trial. White v. State, 51 Ala. App. 638, 288 So.2d 175 (1974).
II
Appellant’s other assertion of error concerns the prosecutor’s closing argument. Because the prosecutor stated, “The evidence is uncontradicted,” appellant claims reversible error occurred. Under Alabama law, this claim is wholly unmeritorious. Luker v. State, Ala.Cr.App., 358 So.2d 504 (1978); Richardson v. State, Ala.Cr.App., 354 So.2d 1193 (1978).
The application for rehearing is overruled, and this cause is
AFFIRMED.
All the Judges concur.