TYSON, Judge.

On Rehearing

Robert Craig was indicted for the rape of Lucille Neal. The jury found him “guilty as charged,” and the trial court set sentence at twenty-two years imprisonment. The appellant filed a motion for new trial, challenging the weight and sufficiency of the evidence, the alleged impeachment of the appellant concerning some misdemeanor charges, and the alleged failure of the trial court to turn over grand jury testimony, police reports, and statements of witnesses prior to trial. This motion was denied.
An appeal was perfected to this Court with a thorough brief being filed by appellant’s counsel. This case was unanimously *386 affirmed on November 20, 1979, 2 Div. 257, without opinion.
Because the appellant has filed a pro se application for rehearing, indicating his desire to further prosecute this appeal, and has asked for an opinion pursuant to the provisions of Rule 39(k), Alabama Rules of Appellate Procedure, this opinion follows.
This Court frequently, both on original appeals and on post conviction review, affirms cases without formal opinions where such, in the opinion of the Court, presents nothing new or novel, or unusual legal questions. Impson v. State, Ala.Cr.App., 339 So.2d 1098 (1976); Thomas v. State, Ala.Cr.App., 373 So.2d 1264; and Suttle v. State, Ala.Cr.App., 377 So.2d 1121, 1979, cert. denied, Alabama Supreme Court, December 21, 1979.
Lucille Neal testified she lived two miles south of Eutaw, Alabama, on Highway 43 and was married to Henry C. Neal, a truck driver for Eagle Motor Line in Birmingham. She stated that she worked as a maid for five different families in Eutaw. She stated that she had met the appellant sometime during the fall of 1978 at Reverend Allen’s house, and that once or twice he had come by her house and sat down and attempted to talk as though he was a preacher. Lucille stated she had never been to the individual’s church.
Lucille stated that in the late afternoon of February 15, 1979, the appellant came to her house and that she was home cooking supper alone. The appellant knocked on the door, was admitted by her, and, after talking for a few minutes, he moved into the kitchen where she was cooking and placed a knife at her throat. Craig demanded that she take her pants off and go into the bedroom at knife point. She stated that she was frightened and moved with him to the bedroom. The appellant stated to her, “M_f_, if you scream, I’ll kill you.” He made her remove her clothes, got on the bed with her and had intercourse. He then had intercourse with her rectum and told her if she screamed again he would kill her, and then had oral intercourse and told her again, “M_f_, if you tell anybody I am going to come after you.” About that time a horn blew in the yard, and a sixteen year old boy, named Jerome, who performed chores for Lucille, knocked on the door. Lucille stated she got up, put on her robe, and went to the door. She said she tried to whisper to Jerome that a man was there, but she was scared. She said, “I had to put on my clothes because he stripped me naked.” She stated that the defendant, Craig, then came out and spoke to Jerome and stated he was leaving, and after he left Lucille had Jerome take her to the home of Reverend Allen, and there she telephoned her older sister and brother-in-law. She stated that her brother-in-law took her to Dr. Bethany, who examined her and let her go home. She stated this occurred in Greene County on the late afternoon of February 15, 1979.
On cross-examination Lucille stated that she had gotten off work from Mrs. W. P. Mayo’s home, went by the grocery, and liquor store, then on home. She stated that her husband was away driving a truck. She stated that Reverend Allen and her sister-took her to City Hall after the incident.
Jerome Hunter, age sixteen, lived in McKinley Branch Heights section in Eutaw on February 15, 1979. He stated he went by the home of Lucille Neal in the late afternoon of February 15, arriving there about five minutes to six o’clock. Jerome stated he blew the horn first, and then went and knocked on the door. In a few minutes he was admitted by Lucille, who was wearing a bathrobe and appeared to be very upset. He said he saw Craig peeking around the door, that he thought he was dressed, but could only see the top of his body. He said that Craig suddenly came out of the bedroom and said, “This is what we are supposed to do, come by and check up on people,” and then said, “Goodbye,” and left. Lucille then told him she had been raped by Craig. Jerome took her to Reverend Allen’s house, then to the police station. He said that he did not go with her to the doctor’s office.
*387 Dr. Joe Bethany, Jr., testified he saw Lucille Neal in the emergency room of Greene County Hospital about 9:00 p. m. on February 15, 1979. He stated that she told him she had been sexually assaulted between 5:30 and 6:00 p. m. by being forced to have intercourse “vaginally, rectally, and orally.” Dr. Bethany stated he examined both the vagina and rectum and noted that they were swollen and bruised. He stated he removed some brownish material with a swab, but did not determine the presence of sperm. He stated that Lucille Neal did not appear to be under the influence of liquor or drugs at the time of the examination.
On cross-examination, the doctor indicated that the material he removed was fecal material, which could be present as long as twenty-four hours, but in this case appeared “to be quite fresh,” and would have been there less than six hours.
Cecil Rhodes indicated he was Police Chief in Eutaw and interviewed Robert Craig on the morning of February 16,1979, at the Eutaw City Jail. He stated that he first gave the appellant a Miranda warning, which was admitted as State’s Exhibit One, and which had been signed by the appellant. After talking with the appellant, he insisted he had only been to Lucille’s house in his capacity as a pastor, and denied that he had assaulted her. Chief Rhodes then identified State’s Exhibit Two, the knife, which was taken from the appellant on the night of his arrest on February 15, 1979, by Eutaw policeman, Buddy Gay.
Buddy Gay stated that, accompanied by Officer Stripling and Deputy Hicks, he arrested Robert Craig on the night of February 15, 1979, at McKinley Branch Heights and removed a knife from his pocket, which he identified as State’s Exhibit Two.
Appellant’s counsel made an oral motion to exclude the State’s evidence, which was denied.
Robert Craig testified he was an insurance salesman for Protective Industrial Insurance Company during 1978, and a part-time minister. He stated that he went to Lucille Neal’s house about 5:30 on the afternoon of February 15, 1979, and that he had been there several times with his fiancee. He stated that he knocked on the door and she asked him to come in as she wanted to talk with him. He stated that he was seated in the room and that she remained fully dressed. He said he heard a horn blow in the yard, and when he looked Lucille had come out of the bedroom dressed in a robe and admitted Jerome Hunter, who was knocking on the door. Craig denied having had intercourse with Lucille Neal and stated that he spoke to Jerome and then left and went by to see the Reverend David France and his wife. He then went over to see his girl friend, Marjorie Hutton. Craig stated that, about twelve years prior to 1979, he was convicted of assault with intent to rob when he was fifteen or sixteen years old, and that he served several years at Draper. He stated he was convicted under the name of Robert Hall, but after getting out he took the name of Robert Craig, and for the past ten years had been a part-time preacher. Craig gave his date of birth as April 21,1945, then changed this on cross-examination to April 21, 1949. Also, on cross-examination, Craig stated at first to Ed Billingsley, the district attorney’s investigator, that he did not have a prior record, but admitted that he did have the assault charge some years before. Also, on cross-examination, the appellant admitted that he had three or four disorderly conduct charges in Montgomery. It should here be noted that there was no objection to this interrogation on cross-examination (R. p. 54).
Craig appeared somewhat confused about his place of birth, but then insisted that he had been born in Birmingham and used the name of Robert Hall until his release from Draper Correctional Center, and had used the name of Robert Craig from 1969. Craig stated that he had been to business school and had gotten a call to be a minister and had been one since 1969, and that he did not rape Mrs. Neal.
Dianna France testified that the appellant, Robert Craig, came by her home shortly after 6:00 p. m., on February 15, 1979, and asked for her husband. She said she *388 did not remember how long he stayed at her home.
Reverend David France testified that he saw Robert Craig at the home of Marjorie and Marie Hutton on February 15, 1979, sometime between 6:00 and 6:30 in the evening. He stated that he found out that Craig had been by his house, that Craig owed him some money and he found him at the home of his girl friend, Marjorie Hutton.
Marjorie Hutton testified that she was Robert Craig’s girl friend and that he had come by her house around 6:20 or 6:30 on the night of February 15, 1979. She stated that Craig remained there until about 11:30. She stated that they had been going together for several months. She stated that she had sex with Craig six or seven times that night.
Diane Burroughs stated she lived in McKinley Branch Heights in Eutaw and had known the appellant since August, 1978. She stated that she had been engaged to him for about four months, and that after she heard he was arrested she had gone to the Eutaw City Jail. She said that she got in a cell alone with him on February 16, 1979, and “unzipped his pants and felt him down, then asked him if it was sore,” and Craig replied, “No.”
The trial court gave an extensive oral charge, and the only exception was by the appellant’s counsel, Mr. Coplin, to the court, telling the jury that “If you find that he lied about a material fact, you may disregard any or all of such testimony.”
Appellant said this was a violation of the Fourteenth and Fifteenth Amendments’ due process clauses.
I
Appellant asserts as error the alleged failure to produce the grand jury’s testimony, police reports, and statements of witnesses in response to his motion to produce.
Appellant’s oral statement was made known to his attorney before trial, but the trial court denied his request for grand jury testimony and police reports. This was proper. Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666 (1972); State ex rel. Baxley v. Archer, Ala.Cr.App., 335 So.2d 240 (1976).
II
Appellant next asserts as error the cross-examination of appellant concerning certain disorderly conduct charges in Montgomery after 1969.
There was no objection to this cross-examination (R. p. 54), and such was with respect to the appellant’s denial of any wrong doing after his release from Draper on his assault with intent to rob charge. Again, no error is presented. § 12-21— 162(b), Code of Alabama, 1975; White v. State, Ala.Cr.App., 347 So.2d 566 (1977); Daniels v. State, Ala.Cr.App., 375 So.2d 523 (1979); Gamble, McElroy’s Alabama Evidence, § 145.01(8) (3rd Ed. 1977).
The application for rehearing is overruled, and this cause is
AFFIRMED.
All the Judges concur.