ON REHEARING
TYSON, Judge.
Carl Holden was charged with resisting a lawful arrest in violation of § 19-55, Code of the City of Huntsville. He was found guilty by the Municipal Court of Huntsville and on appeal to the Circuit Court of Madison County for a trial de novo, the trial court found him guilty of resisting arrest and fined him $100.00 plus costs.
Around 3:00 a. m. on the morning of December 10, 1979, appellant drove his car into the path of Officer Bobby Hopkins of the City of Huntsville Police Department, who was in hot pursuit of a speeding automobile. Officer Hopkins had to lock his brakes to avoid a collision. Since Officer Hopkins had the right-of-way and it appeared that appellant had run a stop sign, Officer Hopkins stopped appellant for questioning. He “noticed an odor of alcohol about him” and conducted a field sobriety test which appellant failed. Consequently, Officer Hopkins proceeded to arrest appellant for “driving while intoxicated.”
The resistance occurred when appellant refused to be handcuffed. (Handcuffing is a standard practice in Huntsville for transporting persons to jail, especially in cases of this type where an officer is by himself). When appellant resisted and Officer Hopkins could not handcuff him using reasonable force, Officer Hopkins radioed for as *181 sistance. Two other officers arrived shortly and with their help the arrest was completed.
On April 21, 1981, this court unanimously affirmed this cause without opinion. Because of the earnestness of the appellant’s request and the issues asserted, we now set forth our views on the issues which are raised.
We do, however, note that both on original review and post conviction review, this court frequently affirms cases without opinion where such in the opinion of this court presents no new, novel or unusual legal question. See Craig v. State, Ala.Cr. App., 380 So.2d 385 (1980) and cases therein cited.
The appellant raises four issues on this appeal.
I
The appellant’s first contention is that reversible error was committed by the trial court in admitting into evidence “City’s Exhibit No. 2”, a copy of Ordinance No. 77-516, which, among other things, amends the maximum fine for ordinance violations to $500.00. The ground of error is that there was no proof of due publication of this ordinance. Without reaching the merits of this contention, suffice it to say that even if error occurred, it was “harmless error” because the $100.00 fine assessed by the trial court did not exceed the limit ($100.00 maximum) set by Ordinance No. 62-56, which clearly met all the requirements for a valid ordinance and which was properly admitted without objection by appellant.
II
Appellant’s second contention is that the conviction for “resisting arrest” cannot stand because the ordinance under which appellant was convicted (§ 19-55, Code of the City of Huntsville) was never introduced into evidence. The record shows that a copy of the page of the Code that displayed § 19-55 was introduced by the prosecutor as a substitute for introducing the entire code (which was also displayed to the trial court) and was admitted as “Exhibit A”. (R. 4) The trial court did not specifically state that “Exhibit A is admitted into evidence”, but it is clear from the record that Exhibit A was introduced and properly admitted without objection by appellant. The trial court, during a bench conference did, in fact, ask counsel for appellant if there were any objections to admission of “Exhibit A.” There were no objections, and “Exhibit A” is included in the record. (R. 70).
III
Appellant’s third assertion is that the City of Huntsville abandoned prosecution on appeal, by failing to file, within the required fifteen day period, a copy of the Municipal Court judgment of conviction or an accusatory instrument such as an arrest warrant, complaint, or citation, as “other documents” required by § 12-14-70, Code of Alabama 1975. However, all of the documents held by the Municipal Court, a certification of the fine for resisting arrest (R. 64), a copy of the appeal bond (R. 65), and a copy of the Municipal Court’s Bill of Costs (R. 66), were timely filed; and a satisfactory complaint (R. 69) was filed in open court prior to the trial de novo. These papers are sufficient to satisfy the “notice and other documents” filing requirement of § 12-14-70. Alexander v. Posey, 32 Ala.App. 494, 27 So.2d 237 (1946).
This is especially true where, as here, appellant was fully informed of the charges against him and was cognizant of all the relevant evidence in the case. The city’s intention to pursue the prosecution was never in doubt.
IV
Appellant’s final contention is that the evidence was insufficient to support a conviction because, in fact, the appellant had already been “arrested” before the alleged resistance occurred. Appellant seeks to overturn the conviction upon the technicality that one cannot be charged with resisting arrest after he has been arrested. *182 Even if this is true there is, nevertheless, sufficient evidence to support the trial court’s finding that the resistance occurred while the arrest was in progress. Therefore, the conviction for “resisting arrest” was justified under the evidence.
The application for rehearing is overruled and this cause is affirmed.
APPLICATION OVERRULED, AFFIRMED.
All the Judges concur.