Certiorari was granted to resolve a conflict between the terms of statutes pertaining to appeals from convictions in municipal courts. The facts in these consolidated cases are amply recited in the opinion of the Court of Criminal Appeals. That court affirmed judgments of conviction in circuit court for inharmonious reasons
The issue before us is whether or not the circuit court obtained jurisdiction of these municipal appeals. The two statutes which appear to govern that question are sections12-22-110 and 12-14-70 of the Code of 1975. Section 12-22-110
states:
 When an appeal is taken to a circuit court in any criminal case from a district or municipal court, the appeal shall be returned to the circuit court within 10 days following the day on which the appeal was taken and shall be triable at the next session of the court
This section was originally enacted in 1915 and was successively carried forward, ultimately appearing in the Code of 1975 when that compilation was approved on February 15, 1977. Meanwhile, the Judicial Article Implementation Act, Act No. 1205, approved on October 10, 1975, included Article 8 which subsumed the subject of municipal courts (as well as district courts), including the subject of appeals. Acts of Alabama 1975, Act No 1205, Article 8-105 at 2470-71 states:
 (d) When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within fifteen days, failing which the municipality shall be deemed to have abandoned the prosecution, and the defendant shall stand discharged and the bond shall be automatically terminated
This provision became § 12-14-70 (d) upon the approval of the Code of 1975
As the majority of the Court of Criminal Appeals has observed, § 12-22-110 in the past has been interpreted as directory onlyTribble v. State, 28 Ala. App. 567, 190 So. 101 (1939); Thompsonv. State, 26 Ala. App. 264, 157 So. 886 (1934). As Bookout, J., has noted, however, a comparison of the two statutes clearly reveals significant differences. Section 12-22-110 contains no sanction for noncompliance with its terms, while § 12-14-70 (d) contains express language describing the penalty imposed for noncompliance. The process for determining the difference between a statute which is directory and one which is mandatory is discussed in Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308
(1962). Based upon that opinion and the authorities cited therein it may be stated as a general proposition that a mandatory statute is one which prescribes, in addition to the requirement of performing the thing specified, the result obtained if that performance is not done; if the statute is directory only, the statute's content is limited to the performance required. Black's Law Dictionary, 5th ed. at 414. It is clear, therefore, that the legislature intended that § 12-22-110 be directory only,Thompson, supra. It is equally clear, however, that § 12-14-70
(d), containing mandatory and peremptory language describing the results of noncompliance, was intended by the legislature to require strict compliance with its filing requirements
Article 8 of Act 1205 contains a repealer clause, § 8-102, providing that "[a]ll laws or parts of laws which conflict with this Act are repealed." That clause effectively repealed §12-22-110 which it now appears, should not have been carried over into the Code of 1975, and therefore when § 12-22-110 is construed in pari materia with § 12-14-70 (d) the former has no operative effect
The remaining question, then, is whether the requirements of §12-14-70 (d) were *Page 719 
complied with by the City of Bessemer, that is, were "the notice and other documents" filed in the circuit court within fifteen days?
The answer to that question depends upon whether or not the proceedings in the municipal court were based upon complaints, or as sometimes described, affidavits of complaints. If either proceeding was based upon a complaint then that complaint under § 12-14-70 (d) was required to be filed along with the "[notice of appeal] and other documents. . . ." See e.g., Ex parteMcElroy, 241 Ala. 554, 4 So.2d 437, 438 (1941). If that proceeding was based upon a complaint, then that complaint is "the notice" referred to in § 12-14-70 (d) and must be filed along with the "other documents." Municipal court cases, however, frequently proceed upon an arrest, without a warrant based upon a complaint, as in an instance like the present, where a police officer answering a call makes an arrest for an offense committed in his presence. In that case there is no complaint, only a "bench blotter," or record of arrest and charge. In the latter instance, there is no complaint to be filed in circuit court pursuant to the appeal
Of course, even in such a case as the latter instance a party to a municipal court proceeding may demand a written complaint (statement of the charges) because he is entitled "to be apprised of the nature and character of the proceeding against him."McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629, 630
(1911). But if the party in municipal court proceeds to trial in that court without demanding a written complaint, he has waived the right to a written complaint and "cannot for the first time avail of it on appeal." Brooks v. City of Birmingham, 31 Ala. App. 579, 20 So.2d 115 (1944); Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263 (1944); Robinson v. City of Sylacauga,37 Ala. App. 565, 72 So.2d 125 (1954)
Following the appeal from a conviction in the municipal court, the proceedings in circuit court are de novo. Code of 1975, §12-14-70 (a). A complete transcript of the municipal proceedings is not required to be sent to the circuit court on such an appeal. A quotation from a case very similar to this is apropos:
 The appellant was convicted in the circuit court of Bessemer of the offense of resisting an officer. The case originated in the recorder's court of the city of Bessemer, and while the judgment of that court so set out in the record does not show for what offense he was convicted, the appeal bond executed by the defendant shows that it was for such offense. In the circuit court the solicitor filed a complaint, setting out in haec verba the ordinance, which the defendant was charged with violating
 The defendant's counsel moved to dismiss the cause, contending there was nothing in the record showing the case had been tried and appealed to the circuit court; that there was no transcript or judgment showing that the recorder had tried the defendant, and that the cause was improperly in the circuit court. This motion was properly overruled. The trial in the circuit court was de novo, and we fail to see how the defendant could have been hurt because a more full and complete transcript was not sent to the circuit court. [Bouyer v. City of Bessemer, 17 Ala. App. 665, 666, 88 So. 192 (1921); cited in Chaney, supra.]
And in Ex parte McLosky, 210 Ala. 458, 459, 98 So. 708 (1923), this Court held that:
 [T]he recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause
The record discloses that these municipal prosecutions were initiated by the arrest of the defendants by police officers responding to a disturbance. The record also shows that each pleaded not guilty to the charges in municipal court, which were expressed in the "record of arrest" document in each case. When their municipal convictions were appealed (see § 12-14-70 (c)) their appeal bonds were filed by the city on the day *Page 720 
after they were made by the petitioners and approved by the court, well within the fifteen day requirement. There were no affidavits of complaint in municipal court, and the record is bare of any suggestion that either of these defendants made any demand or request for a written complaint against him at that time. No written complaint having been demanded in the city court, no (written) "notice" was required to be filed by the city under § 12-14-70 (d). We believe that the language of Mr. Justice Simpson in Chaney, supra, at 246 Ala. 147, 21 So.2d 263, is applicable here:
 In order to abate the proceedings in the appellate court because of the lack of an affidavit [of complaint] before the recorder the transcript must affirmatively show that objection to trial without one was seasonably interposed when accused was arraigned and tried in the recorder's court. No defect in the proceedings, other than want of jurisdiction apparent on the face of them, will subject the cause to dismissal on appeal. To authorize dismissal of the proceedings in the appellate court it must affirmatively appear that the judgment of the lower court was void for lack of jurisdiction. [Citations omitted.]
 It is held that the jurisdictional recitals of the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the cause . . . and on appeal the complaint signed by the city prosecuting attorney is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation, although the record does not disclose an affidavit before the recorder. [Citation omitted.]
The appeal bonds filed in circuit court the day following their execution affirmatively disclose the offenses of which the defendants were convicted, their execution by the defendants and their sureties, their approval by the city recorder, and jury demands endorsed thereon by their counsel. The circuit court, accordingly obtained jurisdiction of those cases, and the "other documents" requirement of § 12-14-70 (d) was thus complied with when those documents were filed in circuit court. Insofar as the notice requirement is concerned, the record also discloses that on December 4, 1979, the date of their trials in circuit court, the city prosecutor filed complaints against these defendants, who in open court waived arraignment on the original complaints, agreed to proceed upon the original complaints, and pleaded not guilty. The complaints filed in circuit court were not documents which had theretofore been demanded; therefore, they were not "other documents" under § 12-14-70 (d). The records made in municipal court were sufficient to apprise the defendants of the accusations against them. And, although not necessary to this decision the defendants, as we have shown, agreed to proceed on the original complaints, thus waiving any objection they might have had to notice in the circuit court proceedings, which set out the ordinances each defendant was charged with violating. On the time for filing the complaint in the circuit court, seeAderhold v. City of Anniston, 99 Ala. 521, 12 So. 472 (1893)
Accordingly, the decision of the Court of Criminal Appeals affirming the convictions is affirmed
AFFIRMED
All the Justices concur