HARRIS, Presiding Judge.
After appellant was convicted of third degree assault in the Jefferson County District Court, he appealed to Circuit Court for trial de novo. After a non-jury trial, appellant was convicted and sentenced to a fine of $300 and a one-year jail sentence, 45 days in jail and the remainder of the sentence suspended pending good behavior.
The testimony in the case is very much in conflict. Basically, the case involved the testimony of the victim, Juanita Miller, versus the testimony of the appellant’s wife, an eyewitness. Appellant did not testify.
Mrs. Miller and the Colemans were next door neighbors and there was a history of “bad blood” between the two families. On July 3, 1980, after a long period of squabbling, a physical altercation broke out between Mrs. Miller and the defendant, resulting in the defendant’s arrest and trial on third degree assault charges.
Mrs. Miller testified that, on the day of the altercation, as she drove out of her driveway, the defendant and his wife cursed her and stated that she could not hide forever. She stated that she saw defendant and his wife at various shopping stops she subsequently made.
Later that evening, Mrs. Miller testified that she saw defendant next to a fence dividing the two lots, staring at her. After she asked defendant if “he’d gotten his eyes full,” defendant jumped the fence and beat her.
Defendant’s wife testified for the defendant, testifying that neither she nor appellant cursed Mrs. Miller. She also testified that, just prior to the altercation, she saw Mrs. Miller shooting at her with some sort of gun. She then called for her husband, who began walking toward Mrs. Miller.
She testified that Mrs. Miller shot appellant; that this resulted in appellant’s grabbing Mrs. Miller; and that both began fighting each other.
Appellant raises a jurisdictional issue on appeal. Specifically, appellant contends that, because the record is devoid of a “brief statement of the cause of the complaint” signed by the district attorney as required by § 12-22-113, Code of Alabama 1975, this case must be reversed.
Although the record does not contain the actual complaint, it does state: “Whereupon, Mr. Waites [special prosecutor] read the complaint and the defendant pled not guilty.” However, a document labeled “complaint” in the record is the original affidavit and warrant of arrest used to bring appellant to trial in district court. Appellant did not object in Circuit Court to the alleged lack of a proper complaint.
Any jurisdictional problem, if indeed the proper complaint was not filed in Circuit Court, was cured by the fact that the record contains an appeal bond, which recites appellant’s demand for a jury trial in Circuit Court. The law is well settled in Alabama that “the recitals of the appeal bond suffice to show the trial and conviction of the *810 defendant in the county court, and his appeal from a conviction to the Circuit Court, thereby giving to the latter court jurisdiction of the cause.” Ex parte Hood, Ala., 404 So.2d 717 (1981); Ex parte McLosky, 210 Ala. 458, 98 So. 708 (1923).
The records made in District Court, along with the defendant’s appeal bond, satisfied any notice requirement. Ex parte Holden, Ala., 407 So.2d 182 (1981); Ex parte Hood, supra.
We find no error in the record and the judgment is affirmed.
AFFIRMED.
All the Judges concur.