PATTERSON, Judge.
The appellant, Ed Lamar Harris, appeals from his conviction of the offense of driving while under the influence of alcohol and his resulting sentence of 10 days, suspended for a probationary period of 6 months, and his fine of $500.
Harris contends that the trial court erred in denying his motion to dismiss his prosecution in the circuit court on the ground that the circuit court did not obtain jurisdiction because the filing requirement of the following statute, § 12-14-70(d), Code of Alabama 1975, was not met:
“When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated.”
In presenting this claim to the circuit court, Harris contended that the municipality failed to file the judgment entry showing that he had been actually convicted in the municipal court and that since his appeal was not taken from “the entry of judgment,” § 12-14-70(c), the circuit court lacked jurisdiction. Harris further argued to the circuit court, in general terms, that “the necessary documents were not filed within the fifteen day period.” Harris presents these same arguments to this court.
We ruled, in Vizzina v. City of Birmingham, 533 So.2d 652 (Ala.Cr.App.1987), that although “the notice and other documents” filed by the City did not contain “judgments” or reflect “the pronouncement of judgment,” the circuit court nevertheless had jurisdiction because “the recitals of the appeal bond suffice to show the trial and conviction of the defendant in the [municipal] court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause.” Id. at 654 (quoting Ex parte Hood, 404 So.2d 717, 719 (Ala.1981)). In applying this holding to the instant facts, we find that the judgment of the municipal court did not have to be filed in the circuit court to confer jurisdiction; as long as the appeal bond shows the municipal trial and conviction, which it did in this case, the judgment is not one of the “other documents” to be filed in compliance with § 12-14-70(d).
However, we cannot find, on the record before us, that the circuit court did, in fact, have jurisdiction to entertain Harris’s appeal; we cannot determine whether the filing requirement of § 12-14-70(d), as interpreted by our supreme court in Ex parte Hood, was met. In Hood, the court pronounced the following in answer to the question of “whether the requirements of § 12-14-70(d) were complied with by the City of Bessemer, that is, were ‘the notice and other documents’ filed in the circuit court within fifteen days,” 404 So.2d at 718-19:
“The answer to that question depends upon whether or not the proceedings in the municipal court were based upon complaints, or as sometimes described, affidavits of complaints. If either proceeding was based upon a complaint then that complaint under § 12-14-70(d) was required to be filed along with the ‘[no *367 tice of appeal] and other documents....’ See e.g,, Ex parte McElroy, 241 Ala. 554, 4 So.2d 437, 438 (1941). If that proceeding was based upon a complaint, then that complaint is ‘the notice’ referred to in § 12-14-70(d) and must be filed along with the ‘other documents.’ Municipal court cases, however, frequently proceed upon an arrest, without a warrant based upon a complaint, ... where a police officer answering a call makes an arrest for an offense committed in his presence. In that case there is no complaint, only a ‘bench blotter,’ or record of arrest and charge. In the latter instance, there is no complaint to be filed in circuit court pursuant to the appeal.”
Id. at 719 (bracketed material in original). The court also noted that it was the intent of the legislature to require “strict compliance” with the filing requirement of § 12-14-70(d). Id. at 718.
The proceeding against Harris in the municipal court was based upon a complaint, the U.T.T.C. See A.R.Crim.P.Temp. 15.1(c) (“A complaint is a written statement made upon oath before a judge or other official authorized by law to issue warrants of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense”). In accordance with the mandate of Ex parte Hood, the complaint should have been filed along with the notice of appeal and other documents, which were filed in the circuit court on June 5, 1986. The recitals of the appeal bond are sufficient, in regard to the particular requirement that a complaint be filed, only if the municipal prosecution was initiated by warrant of arrest and the defendant did not demand a written complaint. 404 So.2d at 719-20. See also Ex parte Holden, 407 So.2d 182 (Ala.1981).
The record presents an ambiguity as to whether the City of Jackson filed the U.T.T.C. in the circuit court in the 15-day time period. The ambiguity is compounded by the fact that the trial court was primarily concerned with the question of whether the judgment of the municipal court should have been and was timely filed, so we have little insight into the circumstances surrounding the filing of the U.T.T.C. The record does show that the “yellow copy” of the U.T.T.C. was filed in the circuit court on November 5,1986. However, the representations of the city prosecutor offer the reasonable assumption that the “white copy” of the U.T.T.C. was filed sometime before. Yet, defense counsel stated that “the only document in the file that indicates [it] was filed on June 5th is the notice of appeal, which was filed by the Defendant.”
Accordingly, we remand this cause with the directions, to the circuit court, to conduct a hearing for the receipt of evidence to determine whether the City complied with § 12-14-70(d), as interpreted by Ex parte Hood, by timely filing the U.T.T.C. A return shall be made to this order of remand, accompanied by a transcript of the proceedings.
REMANDED WITH DIRECTIONS.
All Judges concur.

On Return to Remand

PATTERSON, Judge.
This court remanded this case to the Circuit Court of Clarke County and directed it to conduct a hearing for the purpose of determining whether the City of Jackson complied with § 12-14-70(d), Code of Alabama 1975, by timely filing the U.T.T.C. for appellant’s trial de novo on appeal from the municipal court.
On remand, the trial court found “that the City of Jackson complied with § 12-14-70(d), as interpreted by Ex parte Hood, by timely filing the U.T.T.C.” We consider this finding to be supported by the evidence introduced at the hearing. Therefore, in accordance with, the trial court’s finding, we hold that appellant’s argument on that issue is without merit.
We have considered appellant’s remaining two issues and have found that they present no errors warranting reversal of this case. Therefore, this case is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.