JAMES H. FAULKNER, Retired Justice.
On September 6, 1989, Kevin Cullen Bryan was convicted by the municipal court of Trussville, Alabama, on charges of driving under the influence and speeding. On September 6, he posted two surety bonds and appealed his conviction to the Circuit Court of Jefferson County. Bryan was tried by a jury, was found guilty, and was sentenced to serve 60 days in the Trussville City Jail and fined $1,000.
After the jury was struck, but before proceeding on the merits, Bryan moved the court to dismiss the charges because the City had not complied with § 12-14-70(d), Code of Alabama 1975. His motion was denied by the trial judge.
Bryan’s notice of appeal and the appeal bond were executed by him and his sureties on September 6, 1989. The circuit clerk’s stamp on the appeal bond and the notice shows that they were filed in her office on September 25, or 19 days later. The City, therefore, did not comply with the statute allowing a municipality 15 days to file the notice and other documents in the court to which the appeal is taken. See § 12—14—70(d).
The Supreme Court of Alabama held in Ex Parte State ex rel. Attorney General, 210 Ala. 458, 98 So. 708 (1923), that the recitals of the appeal bond are *1056 sufficient to show the trial and conviction of the defendant in an inferior court and his appeal from a conviction to the circuit court thereby giving the circuit court jurisdiction. The court later held in Ex Parte Hood, 404 So.2d 717 (Ala.1981), that filing the appeal bond, but not the notice of appeal within the 15-day period as provided by § 12-14-70(d) in the circuit court, gives the circuit court jurisdiction. In the instant case, however, the circuit court did not have jurisdiction because the City forwarded neither the appeal bond nor the notice of appeal within the 15-day period as required by the statute.
The trial court erred by not granting the motion to dismiss the charges.
The City argues that Bryan’s motion came too late and, consequently, that he waived any defect in the commencement of the proceedings. As its authority, the City cites Temp. Rule 16.2(a). This rule, however, has no application in this case. Subsection (a) provides that “[ojbjections based on defects in the commencement of the proceeding ..., other than lack of subject matter jurisdiction ... may be raised only by pre-trial motion.” (Emphasis added.)
The judgment of the trial court is reversed, and the cause is remanded for dismissal of the charges against the defendant.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.