MADDOX, Justice
(dissenting.)
In this petition for the writ of certiorari, the Court was asked to review the applicability of Rule 32, A.R.Cr.P. (formerly Temporary Rule 20), to convictions in municipal court, and to answer two basic questions:
(1) Should a Rule 32 petition attacking a municipal conviction be filed in the municipal court or in the circuit court?
(2) When should the petition be filed, and if it is filed within time but in the wrong court should it be dismissed?
Neither the Court of Criminal Appeals nor this Court wrote an opinion addressing these two questions, which I believe should be addressed because this Court has not previously addressed either of them.
The facts are as follows.[1] The petitioner was convicted in the Municipal Court of Do-than on December 14, 1987, of speeding, resisting arrest, and DUI. His sentence was not inconsequential. On the speeding charge, he was sentenced to 4 days in jail or to pay a fine of $40.00 and court costs of $74.00; on the resisting arrest charge, he was sentenced to 6 months and $500.00 and court costs; on the DUI charge, he was sentenced to 9 months at hard labor and $750.00 and was required to provide a certificate indicating completion of a school for persons found guilty of DUI on December 12, 1988. He appealed his conviction to the circuit court for a trial de novo, and the case was set for trial; the case was later dismissed on the petitioner’s own motion, on July 5, 1988, and the case was remanded to the municipal court for execution of the sentence. One of the grounds of his petition for post-conviction relief was that he had not authorized his attorney to dismiss his appeal.
Was the petition timely filed? The petitioner filed his Rule 32 petition in the municipal court on June 25, 1990. Rule 32.2(c) provides that a petition must be filed “[i]n the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after „ the time for fifing an appeal lapses.” The petitioner did not appeal to the Court of Criminal Appeals; therefore, his petition was timely if it was filed within two years, plus 42 days,[2] after July 5, 1988. The petition was filed on June 25, 1990; therefore, it was timely filed.
Was the petition filed in the appropriate court? The petition was filed initially in the municipal court, but was later transferred to the circuit court.[3] When the case was transferred to the circuit court, the two-year limitations period had expired, and the circuit *347 court dismissed it on motion of the municipality, on the ground that it had been filed too late.
At the time the petition was initially filed, Temporary Rule 20.1 provided that “any person who has been convicted of a criminal offense may ... institute a proceeding in the court of original conviction.” In a case such as this one, what was the “court of original conviction?” Because the case did not proceed to trial in the circuit court, the conviction the defendant was attacking was the conviction he had received in the municipal court.[4] Had he been tried and convicted in the circuit court, then, of course, the conviction he would have been attacking would have been the circuit court conviction, and the “court of original conviction” in that case would have been the circuit court.[5] I conclude that the “court of original conviction” in this case was the municipal court.
Assume, however, that the petition in this ease should have been filed in the municipal court instead of the circuit court? Should the circuit court have dismissed it, after the municipal judge had transferred it? Why would the original filing date not be used for determining whether the petition was filed within the limitations period? Obviously, it should have been. Clearly, the City had notice, when the petition was filed, that the petitioner was questioning the legality of his judgment of conviction. Cf. Holden v. City of Huntsville, 407 So.2d 179 (Ala.Cr.App. 1981), aff'd, 407 So.2d 182 (Ala.1981) (defendant claimed that municipality had failed to follow filing requirements of the statute, but the appellate courts held that defendant had received sufficient notice of the charges if he “was fully informed of the charges against him and was cognizant of all the relevant evidence in the case”). 407 So.2d at 181.[6]
Based on the above stated reasons, I believe that the petition was timely filed; consequently, I must respectfully dissent.

.Although the Court of Criminal Appeals did not write an opinion, I believe the petitioner has sufficiently complied with the provisions of Rule 39(k), A.R.App.P., to permit our review of the legal questions he presents.

. The time for filing a notice of appeal in criminal cases pursuant to the provisions of Rule 4(b), A.R.App.P.

. According to the petitioner, the jurisdictional question of which court was proper was being considered.

. In this case, the defendant's case was handled as provided by Ala.Code 1975, § 12-14-70.

. The spirit of Rule 32 seems to be that a post-conviction petition for relief should be reviewed, if possible, by the sentencing judge. See Rule 32.6(d). In this case, the "sentencing judge” was the municipal judge.

. At the time this petition was filed, the provision of Rule 1.2 stating that the Rules should be construed "to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense," was not effective, but the construction I would make in applying the two-year limitations period in this case would seem to be just and fair, because the municipality was clearly on notice when the petition was filed of the relief the petitioner was seeking. This should be especially true in this case, where there was a dispute between the petitioner and the municipality over the jurisdictional question, and the municipality, although aware of the petitioner's claim, then filed a motion to dismiss on the ground that the period of limitations had run. That does not seem fair to me.